In the Matter of THE CONTAINER Co., Respondent. EDWARD CORSI, as Industrial Commissioner of the State of New York, Appellant.

Argued October 12, 1948; decided November 24, 1948.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran and Wendell P. Brown of counsel), for appellant.*  I. The Indus-

trial Commissioner properly denied the application for a refund since the interest and penalties were not " erroneously collected." (*Matter of Fox Lane Corp.* v. *Loughman,* 225 App. Div. 417; *Matter of Gramott Corp.* v. *Graves,* 255 App. Div. 255, 280 N. Y. 588; *People ex rel. Westbrook-Buffalo, Inc.,* v. *State Tax Comm.,* 257 App. Div. 705; *Matter of Siegel,* 262 App. Div. 789.) II. Section 578 of the Unemployment Insurance Law, effective March 22, 1946, does not authorize the refunding of interest or penalties lawfully assessed and collected prior to the effective date of that amendment. (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *Matter of Gramott Corp.* v. *Graves,* 255 App. Div. 255, 280 N. Y. 588; *People ex rel. Westbrook-Buffalo, Inc.,* v. *State Tax Comm.,* 257 App. Div. 705.)

*Hugh P. Mullen* and *Mark F. Hughes* for respondent. I. Section 578 and subdivision 6 of section 570 of the Unemployment Insurance Law should be liberally construed in favor of respondent. (*Matter of Hamlin,* 226 N. Y. 407; *Cahill* v. *Wissner,* 183 App. Div. 659.) II. Section 578 of the Unemployment Insurance Law is retroactive. (*People ex rel. American Bible Soc.* v. *Commissioners,* 142 N. Y. 348; *People ex rel. Eckerson* v. *Board of Education,* 126 App. Div. 414, 193 N. Y. 60; *People ex rel. Huntington* v. *Crennan,* 141 N. Y. 239; *People ex rel. Pells* v. *Supervisors of Ulster Co.,* 65 N. Y. 300; *People ex rel. Collins* v. *Spicer,* 99 N. Y. 225.) III. The interest and penalties were " erroneously collected." (*People ex rel. Lucey* v. *Molloy,* 35 App. Div. 136, 161 N. Y. 621; *Matter of Marian Lodge No. 926 F. & A. M.,* 178 Misc. 219; *People ex rel. American & Foreign Marine Ins. Co.* v. *Sohmer,* 163 App. Div. 778, 213 N. Y. 658.) IV. The Legislature intended that employers in the respondent's position should receive a refund. (*Matter of 320 West 37th St., Inc.,* v. *McGoldrick,* 281 N. Y. 132; *People ex rel. Equitable Holding Corp.* v. *Graves,* 263 App. Div. 468.)

*Per Curiam.* By leave of this court, the State Industrial Commissioner appeals from an affirmance by the Appellate Division of a decision of the State Unemployment Insurance Appeal Board awarding to the corporate employer-respondent a refund of interest and penalties paid by it under an assessment levied pursuant to section 572 of the Unemployment Insurance Law. (Labor Law, art. 18.)

The interest and penalties in question concededly were owing when payment thereof was made in 1945. Effective March 22, 1946, the Unemployment Insurance Law was amended by the addition thereto of section 578 which declares nonliability for penalty or interest of employers who failed to discharge their obligations under our statute "because of the bona fide belief that all or some of their employees are covered under the unemployment insurance laws of other states or of the United States, provided they paid pursuant to such laws the contributions required thereunder on all wages of all such employees." If this amendment is to be applied retroactively — as the appeal board and the Appellate Division held — the employer-respondent is concededly entitled to the refund demanded by it.

"The general rule is that statutes are to be construed as prospective only * * *. It takes a clear expression of the legislative purpose to justify a retroactive application" (*Jacobus* v. *Colgate,* 217 N. Y. 235, 240). The employer-respondent would have us find such an expression in the circumstance that the above amendment of the Unemployment Insurance Law speaks in the past tense of contributions "paid" under unemployment insurance laws of other States or of the United States. We think this point is without substance. Statutes authorizing refunds ordinarily refer to past and not to future events. There is nothing in the text of the amendment in question to take it out of the general rule which requires statutes to be construed as prospective only.

The order of the Appellate Division and the decision of the Unemployment Insurance Appeal Board should be reversed, and the decision of the State Industrial Commissioner reinstated, with costs to the commissioner in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Ordered accordingly.