In the Matter of NATELSON BROTHERS, INC., Operating STONE'S CLOTHES SHOP, Petitioner, against NEW YORK STATE LABOR RELATIONS BOARD et al., Respondents.

Supreme Court, Special Term, Westchester County, March 31, 1949.

*James Dempsey* for petitioner.

*William E. Grady, Jr., Alfred Licato* and *Philip Feldblum* for respondents.

BAILEY, J. Petitioner seeks an order to vacate and set aside the decision and order of the New York State Labor Relations Board dated September 27, 1948, and all other proceedings and orders of the board. Respondent by cross application seeks enforcement of the decision and order dated September 27, 1948.

The basis of the application is threefold: first, that the New York State Labor Relations Board had no jurisdiction of petitioner, a corporation engaged in interstate commerce; second, that the board erred in the interpretation and enforcement of rule 59 of the Rules and Regulations of the New York State Labor Relations Board (3 N. Y. Official Compilation of Codes, Rules & Regulations, p. 856) by excluding testimony concerning conferences before the hearing, and third, that the board's determination is illegal, improper and against the weight of the evidence.

The National and State Labor Relations Acts were consistent and contained identical provisions as to unfair labor practices at the time the alleged violations were committed. The State board by assuming jurisdiction did not invade or impair the supremacy of National legislation. To the contrary, the National

board ceded jurisdiction to the State board which then properly proceeded to enforce the State act (Labor Law, art. 20, § 700 *et seq.*). (*Matter of Davega-City Radio* v. *State Labor Relations Bd.*, 281 N. Y. 13.)

The subsequent passage of the Taft-Hartley Act (U. S. Code, tit. 29, § 141 *et seq.*) did not divest the jurisdiction of the State board. The rule is fundamental that statutes are construed as prospective only in their application. A clear legislative expression is necessary to justify a retroactive application. (*Matter of Container Co.* [*Corsi*], 298 N. Y. 277; *Jacobus* v. *Colgate*, 217 N. Y. 235.) The Taft-Hartley Act lacks any expression of intention to make its application retroactive but expressly prohibits retroactive application. (Labor Management Relations Act, 1947, §§ 102, 103; 61 U. S. Stat. 152.) Under subdivision (b) of section 10 of the National Labor Relations Act (Labor Management Relations Act, 1947, § 101; U. S. Code, tit. 29, § 160) complaints must be issued within six months of the commission of an unfair labor practice. A retroactive application herein, as indicated by the Court of Appeals in *Matter of Davega-City Radio* v. *State Labor Relations Bd.* (*supra*) would create a twilight zone and grant complete immunity to petitioner for any unfair labor practices committed. Such a construction conflicts with the very purpose of the legislation and will not be invoked.

As to rule 59 it is the court's interpretation that when charges have been filed and a hearing is in progress upon such charges, no testimony shall be received concerning transactions, statements or communications which occurred at any informal conference unless all parties waive the benefit of such provision. Such testimony was therefore properly excluded in the absence of the consent of respondent's attorney.

Substantial evidence was presented as to the alleged commission of unfair labor practices. The duty of weighing the evidence and selecting the credible portions thereof rests solely with the board. The court may not weight the evidence nor reject the choice. The board's findings were supported by substantial evidence and the order was properly made. This justifies enforcement of the order. (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256; *Matter of New York State Labor Relations Bd.* v. *Timen*, 264 App. Div. 120.)

Application denied. Cross application granted. Submit order.