Froessel, J.
 

 These are two appeals by the New York City Teachers’ Retirement Board, taken on constitutional grounds, from orders of the Appellate Division, First Department, which unanimously affirmed without opinion orders of Special Term, Supreme Court, New York County, in article 78 proceedings. Petitioners are members of the Teachers Retirement System which is administered by appellant board. They challenge the
 
 *124
 
 legality of the board’s method of calculating the annuity portion of the retirement allowance to which they and others similarly situated are or will be entitled. The case of
 
 Birnbaum
 
 v.
 
 New York State Teachers Retirement System
 
 (5 N Y 2d 1) is controlling here.
 

 We are in agreement with so much of the holding below as provides that the board may not calculate the retirement annuities due petitioners on the basis of the tables in effect at the time of their retirement. We are not in agreement, however, with so much of the orders appealed from as directs that the board calculate the retirement annuities to which petitioners are, or will be, entitled on the basis of the mortality tables in use at the time they entered the service. Special Term, apparently based on some language in our decision in
 
 Birnbaum
 
 v.
 
 New York State Teachers Retirement System {supra),
 
 held— beyond petitioners’ prayer for relief—that the tables in use when petitioners entered the service must be employed.
 

 Changes in mortality tables, subsequent to the time when the
 
 Birnbaum
 
 petitioners joined the system, but before July 1,1940, were
 
 not
 
 brought to the attention of this court in that case. Our decision, therefore, did not consider the question of whether, in the event the mortality tables were revised between the date a member entered service and July 1, 1940, the constitutional amendment should be given retroactive effect, and thus nullify as to such a member the changes which had been made. This question must now be considered, since each of the present petitioners commenced service prior to 1931, and the mortality tables were thereafter revised both before and after the effective date of the amendment—once in 1934 and again in 1943.
 

 In
 
 Matter of Day
 
 v.
 
 Mruk
 
 (307 N. Y. 349, 354) we noted that, while section 7 of article V was added to the Constitution in 1938, it was specifically provided that it was not to become effective until July 1, 1940. This postponement of 1% years was (307 N. Y., at p. 354)
 
 “
 
 presumably to enable the State and its civil divisions to review their pension systems and to adjust, amend, modify or supplement the provisions of existing systems in the light of the fact that after such effective date such systems were no longer gratuitous, but by virtue of the new amendment became contracts and the members of pension systems thereby acquired vested interests which could not' thereafter be
 
 *125
 
 diminished or impaired. Excerpts from the proceedings of the Convention appear to bear out this conclusion.” This view of the situation was quoted with approval in the
 
 Birnbaum
 
 decision (5 NY 2d 1, 12,
 
 supra).
 
 If the amendment was intended to have retroactive effect, there would have been no need for the postponement of its effective date (see
 
 Matter of Kaufman,
 
 158 Misc. 102, 106). Any changes made during that time could not have affected the rights of existing members, as their rights under such a construction would have been fixed on the day they entered the service.
 

 As was noted in
 
 Birnbaum
 
 v.
 
 New York State Teachers Retirement System
 
 (5 N Y 2d 1, 8-9,
 
 supra),
 
 and
 
 Matter of Day
 
 v.
 
 Mruk
 
 (307 N. Y. 349, 354,
 
 supra),
 
 prior to the effective date of the constitutional amendment members of pension and retirement systems had
 
 no
 
 vested interest therein until the right to retirement matured. The leading case
 
 (Roddy
 
 v.
 
 Valentine,
 
 268 N. Y. 228, 231) indicated that, whatever the legal nature of the member’s interest was prior to his retirement,
 
 “
 
 there seems to be no doubt that it is subject to change or even to revocation at the will of the Legislature ’ ’. It was this conclusion which the amendment was designed to overcome
 
 (Birnbaum
 
 v.
 
 New York State Teachers Retirement System,
 
 5 N Y 2d 1, 8,
 
 supra).
 
 Therefore, since a member’s rights could be changed prior to the effective date of the amendment, and a period of time was expressly provided during which any further changes might be made, it seems clear that the amendment was intended to have only prospective, and not retroactive, effect. This view is in accord with the general rule of construction that statutes as well as constitutional provisions are to be construed as prospective only, unless a clear expression of intent to the contrary is found
 
 (Matter of Container Co.
 
 [Corsi], 298 N. Y. 277, 279;
 
 Garzo
 
 v.
 
 Maid of Mist Steamboat Co.,
 
 303 N. Y. 516, 522;
 
 People
 
 v.
 
 Fancher,
 
 50 N. Y. 288, 291). We have examined the other arguments advanced by appellants, many of which were presented in the
 
 Birnbaum
 
 case
 
 (supra),
 
 but do not find that they have any merit.
 

 Accordingly, the orders appealed from must be modified so as to provide for the recalculation of petitioners’ retirement annuities on the basis of the actuarial values including tables of mortality in effect immediately prior to July 1,1940, with inter
 
 *126
 
 est from the date of retirement, and, as so modified, affirmed, without costs.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
 

 In each case: Ordered accordingly.