■ In the Matter of HUGH E. MCCAFFREY et al., Appellants, v BOARD OF EDUCATION OF THE EAST MEADOW UNION FREE SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 (1) to direct the respondent Board of Education to report accumulated sick leave payments made to petitioners to the respondent New York State Teachers' Retirement System (Retirement System), and (2) to direct the Retirement System to include those payments in calculating their respective pensions, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered February 19, 1974, which denied their application and dismissed the petition. Judgment reversed, on the law, with $20 costs and disbursements, and application granted. The facts in this case are not in dispute. The petitioners are all former teachers in the East Meadow School District, who retired therefrom effective June 30, 1973, and are members of the Retirement System. Subsequent to their retirement, each of the petitioners received a lump-sum payment for accumulated and unused sick leave, pursuant to a collective bargaining agreement between the respondent Board of Education and the East Meadow Teachers Association. It is conceded that the Board of Education made the lump-sum payments to each of the employees but that it did not report the payments to the Retirement System. Petitioners contend that those payments should have been reported to the Retirement System by the Board of Education and that they are entitled to have those payments included in a computation of their "final average salary" within the meaning of the provisions of section 501 of the Education Law. Prior to its amendment in 1969, subdivision 11 of section 501 of the Education Law defined "Final average salary" as the "average annual compensation earnable as a teacher during the five years of service immediately preceding his date of retirement, or it shall mean the average annual compensation earnable as a teacher during any five consecutive years of state service, said five years to be selected by the applicant prior to

date of retirement." It was the custom and practice of the Retirement System at that time, and for many years prior thereto, to include all termination pay as part of the final years' compensation. Paragraph b, which was added to subdivision 11 of section 501 of the Education Law (L 1971, ch 621, § 1), authorized, as of July 1, 1969, the computation of "Final average salary" on a base period of three years, exclusive, however, of any lump-sum payments for "sick leave, annual leave or any other form of termination pay". The respondent school board relies upon the 1969 amendment in resisting petitioners' demands. Special Term rejected petitioners' claim that refusal to accede to their demand would be a violation of section 7 of article V of the New York State Constitution, which provides that, after July 1, 1940, there shall be no impairment or diminution of the benefits of membership in any pension or retirement system of the State, or of a civil division thereof, such membership being deemed a contractual relationship. Instead, Special Term was of the view that the clear intent of the Legislature in its enactment of paragraph b of subdivision 11 of section 501 was the limitation of the computation of "Final average salary" to three years of service, exclusive of any lump-sum payments, to members of the Retirement System who retire after July 1, 1969. We disagree. We note, with considerable emphasis, that the Legislature, in amending subdivision 11 of section 501 of the Education Law so as to reduce the base period to three years, did not delete or repeal the already existing terms of that subdivision, but instead added a new paragraph, labeled "b", while labeling the existing provisions paragraph "a". Paragraph "a" remains in full force and effect; Special Term erred in its conclusion that the five-year average provision of paragraph "a" is no longer available to retiring teachers. Ordinarily, the three-year base period will result in a higher final average, even without termination pay, than the five-year base. This is not invariably the case, however, and, in the latter circumstance, the member is entitled by virtue of the constitutional provision (N. Y. Const., art. V, § 7) to the benefit of the computation which results in a higher return (*Birnbaum v New York State Teachers Retirement System,* 5 NY2d 1). "Before section 7 of article V of the Constitution became operative in 1940, members of a public retirement system did not have vested rights before retirement. Inchoate benefits could be modified or revoked, at the will of the Legislature (see *Roddy v Valentine,* 268 NY 228, 231–232). It was against this background that section 7 of article V of the Constitution was enacted to remedy the situation (see *Matter of Ayman v New York State Teachers' Retirement Bd.,* 9 NY2d 119, 125; *Birnbaum v Teachers Retirement System,* 5 NY2d 1, 8–9; *Matter of Day v Mruk,* 307 NY 349, 354)" (*Kleinfeldt v New York City Employees' Retirement System,* 36 NY2d 95, 99). Therefore, if the five-year average will result in a higher pension than the three-year average, the exclusion of that alternative would result in a diminution of pension benefits in violation of section 7 of article V of the State Constitution (see *Kranker v Levitt,* 30 NY2d 574). Accordingly, the judgment should be reversed and the application granted. Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Munder, JJ., concur.