■ In the Matter of BOARD OF EDUCATION OF THE LEVITTOWN UNION FREE SCHOOL DISTRICT, Respondent, v LEVITTOWN UNITED TEACHERS, Appellant.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, entered July 20, 1977, which stayed the arbitration. Judgment affirmed, with $50 costs and disbursements. The facts in this case are not in dispute. The petitioner-respondent board of education and the appellant union entered into a collective bargaining agreement for the period of July 1, 1975 through June 30, 1978. The board agreed to pay accumulated sick leave to teachers who retire, resign or die. A condition of the agreement provided that the board would not make additional payments to the New York State Retirement System in addition to the accumulated sick leave. After the agreement was signed, the board was informed by the New York State Retirement System that a failure to make payments to it would be illegal. It based its decision on *Matter of McCaffrey v Board of Educ.* (48 AD2d 853). Neither the board nor the union questioned the application of the *McCaffrey* decision to their agreement. However, a dispute arose as to whether the board should deduct moneys from the fund set aside for the accumulated sick leave, or whether it should pay an additional amount out of its own budget. The union served a demand for arbitration and petitioner applied for a stay. The Special Term granted the stay. We agree with its determination and therefore affirm. The union and board's collective bargaining agreement provided for arbitration in situations involving an alleged violation of the agreement. It also contained a clause setting forth a procedure to follow if any provision of the contract was held to be contrary to law. This "law-saving clause" specifically proscribed arbitration if the parties failed to agree on a substitute provision which would retain the equities of the original provision. Thus, a plain reading of the contract indicates that the parties did not intend to arbitrate this type of dispute. Appellant contends that the public policy of New York favors arbitration as the preferred mode for the voluntary settlement of public-sector labor disputes, and that case law has created a presumption of arbitrability. The Court of Appeals, in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. v United Liverpool Faculty Assn.* (42 NY2d 509), recently held that arbitration agreements derived from the Taylor Law (Civil Service Law, art 14) are different from private labor relations agreements. The court stated (p 514): "inasmuch as the responsibilities of the

elected representatives of the tax-paying public are overarching and fundamentally nondelegable, it must be taken, in the absence of clear, unequivocal agreement to the contrary, that the board of education did *not* intend to refer differences which might arise to the arbitration forum" (emphasis in original). If a controversy can fall within both the included and excluded categories, then it will not be arbitrable. Appellant's contention, although applicable to the private labor relations sector, is not correct when applied to public-sector labor relations. Therefore, in the case at bar, it is clear both in reading the agreement and in analyzing decisional law, that there was no valid agreement to arbitrate this dispute. Accordingly, a stay was properly granted and the judgment should be affirmed. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.