FIRST DEPARTMENT, NOVEMBER, 1981

(November 5, 1981)

■ In the Matter of JADWIGA ZAWISLAK, Respondent, v JACK SCHWARTZ, Appellant. — Order, Family Court, New York County (Thorpe, J.), dated October 23, 1980 directing provisions for support of child and counsel fees, is unanimously modified, on the law and the facts, to the extent that the provisions of the first and second decretal paragraphs for the payment of $268 weekly for the support of the child, are reduced to $175 weekly, and the order is otherwise affirmed, without costs. Order, Family Court, New York County (Thorpe, J.), entered December 24, 1980 directing entry of money judgment, is unanimously modified, on the law and the facts, to the extent of reducing the figure of $8,842.33 in the second decretal paragraph to $5,695.83, and the order is otherwise affirmed, without costs. Motion by appellant to strike portions of respondent's brief is unanimously dismissed as unnecessary, without costs. Appellant who was the respondent in the Family Court, the putative father of a nine-year-old child born out of wedlock, appeals from an order and judgment fixing the quantum of support for the child and counsel fees for the petitioner mother's attorney. The child was born on April 23, 1972. At that time, petitioner and appellant were living together and appellant, the putative father, was supporting both the mother and child. Thereafter, the parties separated, and after various domestic and matrimonial changes, petitioner instituted this paternity proceeding in April, 1977. The proceeding was contested at all stages. An order of filiation was entered on November 27, 1978, the appeal from which was ultimately dismissed for failure to prosecute. After a trial, the Family Court Judge fixed the amount to be paid by appellant putative father for the support of the child at $268 per week. As is not uncommon in matrimonial and paternity proceedings, there has been great difficulty in determining reliable figures as to the means of the parties and the needs of the child. The figures submitted by the parties appear shaded in favor of the party submitting the figures. We think petitioner's claim of the extent of appellant's wealth and assets and appellant's claim as to his financial straits are all overstated. So also we think are petitioner's claims as to amounts needed and actually expended for the support of the child. With these difficulties we must do the best we can. We think the figure of $268 per week for the support of the child is excessive. It was based in part on expense of living in Manhattan when, at least at the time of the trial, petitioner and the child appear to have been residing in Florida. The allocation of the expenses of the household — for the most part equally — between the adult mother and the child appears to allocate too great a share to the child and too small to the mother. Some of the expenses, e.g., car expense, parking in a Manhattan garage, insurance and gasoline, seem to have little to do with the support of the child. On balance, we think an award of $175 per week for the support of the child is more nearly just and in accordance with the needs of the child. The mother is not shown to have any means of support that we can legitimately call upon to require her to contribute to the support of the child. The Family Court

directed that the payment be retroactive to the commencement of the proceeding. We think this was correct. The mother has supported the child during all this time without any assistance from the father. The father should not profit nor the mother lose because the father has battled the proceedings and his obligations to the child so strenuously and so long. As incidental to the paternity proceeding, the Family Court had jurisdiction to direct a judgment for arrears without the institution of a new plenary proceeding. However, the arrears of child support should be calculated at $175 per week rather than $268 per week, and we have modified the judgment accordingly. The counsel fee awarded does not appear excessive for the services rendered in this long and hotly contested support proceeding. Concur — Murphy, P.J., Carro, Markewich and Silverman, JJ.