■ NORTH RIVER INSURANCE COMPANY et al., Respondent, v FALLSBURG IRON WORKS, INC., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered November 2, 1981 in Sullivan County, which denied defendants' motion for a change of venue. Order affirmed, with costs, upon the opinion of Mr. Justice George L. Cobb at Special Term. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

■ In the Matter of TAMMY R., Appellant, v VANCE S., Respondent. — Appeal from an order of the Family Court of Franklin County (Garvey, J.), entered December 23, 1981, which ordered respondent to make support payments. On March 23, 1981, the Family Court granted an order upon petitioner's paternity proceeding adjudging respondent to be the father of a child born to petitioner out of wedlock, and continued the proceeding for the purposes of determining the requirement for support payments. By order made November 24, 1981 after a hearing, the court ordered respondent to pay $25 weekly as support payments to the Franklin County Support Collection Unit commencing December 11, 1981, from which order petitioner has appealed. Petitioner argues that an amendment to section 545 of the Family Court Act (L 1981, ch 695, § 7), effective October 19, 1981, adding the following: "The order shall be effective as of the date of the application for an order of filiation, and any retroactive amount of support shall be paid in one sum or periodic sums as the court shall direct, taking into account any amount of temporary support which has been paid," should have been applied by the court although the proceeding was commenced prior to the effective date but the order made after such date. Prior to the amendment, the statute read: "[T]he order *may* also direct such a father to pay for the support of the child *prior* to the making of the order of filiation" (emphasis added). A general rule of construction is that statutes "are to be construed as prospective only, unless a clear expression of intent to the contrary is found" (*Matter of Ayman v Teachers' Retirement Bd. of City of N. Y.*, 9 NY2d 119, 125; *Matter of Container Co. [Corsi]*, 298 NY 277, 279). The statute here indicates no "clear expression of intent" that it be retroactive. "Furthermore, a postponement of the effective date of a statute, as in this case, is some evidence that the Legislature never intended it to be retroactive" (*Matter of Mulligan v Murphy*, 14 NY2d 223, 226). Therefore, while the court still had discretion under prevailing law to order the support payments retroactive to the date of filing of the filiation petition, we are unable to say that failure to do so was an abuse of that discretion. We find otherwise with respect to the sufficiency of $25 per week as support, holding that such is not "a fair and reasonable sum for the support and·education of the child" (Family Ct Act, § 545). Respondent has substantial income far in excess of petitioner's and despite lack of testimony in the record to substantiate or disprove the documentary evidence of income and expenses of each party, it is readily apparent that $25 weekly is neither fair nor reasonable. Accordingly, we increase the award for support for the child to the sum of $50 weekly. With respect to petitioner's remaining arguments that the court erred in failing to award payment of the expenses of birth and counsel fees, we find the record devoid of any evidence to substantiate any basis for such award. Order modified, on the law and the facts, so as to increase the award of support for the child from $25 to $50 weekly, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.