OPINION OF THE COURT
David S. Nelson, J.
This matter comes before the court on a paternity petition filed by the St. Lawrence County Department of Social Services (DOSS) on behalf of Lori A. W". against the respondent, Raymond J. D. The petition alleges that respondent is the father of a child, Adam R. W., born out of wedlock on October 26,1979 to Miss W. The petition asks for a declaration of paternity and an order of support.
On February 6, 1985, respondent admitted that he was the father of the child and an order of filiation was entered in this court on February 25, 1985. A temporary order of support was entered at the rate of $10 per week. The court further determined that the respondent was liable for the sum of $578 expended for blood tests. Additional testimony was offered from DOSS that the child had been receiving public assistance since May 1983 at the rate of approximately $32.33 per week. The paternity petition was sworn to on October 7, 1983 and filed with this court on February 14,1984. The total public assistance in the form of cash grants provided for this child amounted to *106 $2,376.71. No evidence was offered as to any confinement or pregnancy expenses of the mother.
The issue before this court is as follows: What should be the effective date of the order of support? DOSS argues that the order should be effective on the date that it first provided support for the child. Respondent urges that the date of filing of the paternity petition in Family Court is the applicable date. Other possible effective dates are the date that the paternity petition was sworn to by a representative of DOSS, the date respondent first had notice of the paternity petition, or the date of service of the summons.
The determination of this issue requires an interpretation of that portion of Family Court Act § 545 which reads as follows: “The order shall be effective as of the date of the application for an order of filiation, and any retroactive amount of support shall be paid in one sum or periodic sums as the court shall direct, taking into account any amount of temporary support which has been paid.” In particular it will be necessary to ascertain the legal significance of the words: “the date of the application for an order of filiation”
Family Court Act § 511 grants to Family Court exclusive original jurisdiction in proceedings to establish paternity. Subsequent sections in Family Court Act article 5 set forth the procedure to be followed in paternity proceedings. The Family Court of the State of New York, as authorized by statute and the New York State Constitution (NY Const, art VI, § 1 [a]), is a court of limited jurisdiction. The court does not have jurisdiction to accept suits for “necessaries” that may have been provided by public agencies to persons that a parent is obligated to support. Thus, under Family Court Act article 4 a support order is effective as of the date the petition is filed (see, Family Ct Act § 449). Because Family Court is not a court of general jurisdiction as is the Supreme Court, its power to order support in paternity proceedings is governed by Family Court Act § 545.
A brief résumé of recent amendments to Family Court Act § 545 is as follows:
Former section 545 was amended by repeal and re-enactment by Laws of 1981 (ch 68), effective January 1, 1982. The memorandum submitted in support by the Office of Court Administration[2] indicates that the purpose of the amendment was to make the statute gender-neutral by substituting the word “parents” for the word “father.”
*107 Laws of 1981 (ch 300), effective September 1, 1981, without referring to the repeal by said chapter 68, effected a gender-neutral amendment to the original section 545 by, for example, substituting the words “parent or parents” for the word “father.”
Laws of 1981 (ch 695, § 7), effective the 90th day after July 21, 1981, inserted in the original section 545 the sentence containing the “date of application” language.
Laws of 1981 (ch 695, § 8), effective January 1,1982, amended the new section 545 (as added by ch 68) by inserting the same “date of application” language.[3]
Laws of 1982 (ch 26) amended section 545 in a manner not applicable to this decision.
Of assistance in determining the intent and purpose of the Legislature when it added the “date of application” language to Family Court Act § 545 are the amendments to the Domestic Relations Law contained in Laws of 1981 (ch 695). The pertinent language in those amendments relating to the effective date of support orders was as follows:
(1) “Such direction shall be effective as of the date of the application therefor”. (See, Domestic Relations Law § 236 [A] [1]; [B] [6], [7]; § 240.)
(2) “Any other arrears accrued prior to the making of such application shall not be subject to modification”. (See, Domestic Relations Law § 236 [B] [9].)
(3) “as of the date of the application”. (See, Domestic Relations Law §§ 240, 246 [3].)
The aforementioned amendments to the Domestic Relations Law are in pari materia to the amendments to Family Court Act § 545. Consideration of cases construing these sections of the Domestic Relations Law are relevant to this decision. The appellate courts have held that the effective date for any award of maintenance or child support, whether temporary or permanent, is the date of the commencement of the action. (Rodgers v Rodgers, 98 AD2d 386; Khalily v Khalily, 99 AD2d 482; Harness v Harness, 99 AD2d 658; also see, Bayer v Bayer, 102 AD2d 879, and Lewis v Lewis, 22 AD2d 860.) This view is also supported by the Practice Commentaries found following Domestic Relations Law § 236 in McKinney’s Consolidated Laws of New York.[4] *108 These Commentaries suggest that the “application” is deemed to have been made as of date of service of papers demanding maintenance and/or child support.
This court found two cases interpreting Family Court Act § 545 as it read prior to the 1981 amendments. One court interpreted Family Court Act § 545 to mean that a support order could properly be made retroactive to the “commencement of the proceeding” (Matter of Zawislak, 84 AD2d 695). In Matter of Tammy R. v Vance S. (91 AD2d 743), the court held that although it had discretion under prevailing law to order the support payments retroactive to the date of filing of the filiation petition, it was not an abuse of discretion to fail to do so. No cases are found interpreting the meaning of the “date of application” language added to Family Court Act §§ 545 and 571 by Laws of 1981 (ch 695).
Testimony received in this proceeding established that the customary practice in St. Lawrence County and followed in the instant case was that subsequent to the signing of a paternity petition by the Department of Social Services, the petition is referred to the St. Lawrence County Probation Department for possible adjustment. The Probation Department contacts the respondent, who is informed about the paternity petition and advised of his or her rights. When the respondent denies paternity, the petition is sent back to the Department of Social Services for filing with Family Court. In this case the petition was signed and sworn to on October 7, 1983 and referred to the Probation Department. On November 2, 1983, Probation sent the petition back to DOSS with a memorandum indicating that respondent was advised of his rights and would deny paternity. Because of the unavailability of scheduling dates, the petition was not filed with this court until February 14, 1984.
In Matter of Molly M. v James F. (116 Misc 2d 469), the date that a person appeared in Probation for purposes of filing a paternity petition was, for Statute of Limitations purposes under Family Court Act § 517, determined to be the date of commencement of the paternity proceeding. No other cases were found that were of assistance to this court in determining the issues in this case.
When the Legislature added the “date of application” language to Family Court Act § 545, it also added a new section to Family Court Act article 4. This was Family Court Act § 449 which provided that any support order “shall be effective as of *109 the date of the filing of the petition therefor”. This contrasts with the language adopted by the Legislature in Family Court Act § 545 to the effect that the “order shall be effective as of the date of the application for an order of filiation”. The court finds that the difference in language is significant and was utilized to denote a date other than the date of filing the petition.
Other sections in Family Court Act article 5 contain phrases different from the “date of application” language contained in section 545. Family Court Act § 517 specifies that proceedings “may be originated” not later than a specified time. Section 523 states that “[proceedings are commenced by the filing of a verified petition”. Section 518 uses the words “may be commenced” and “to commence.” The foregoing listing of phraseology differing from the “date of application” language in section 545 lends further credence to the conclusion that “date of application” has reference to a date other than the date of filing of a petition.
The theory behind the cases under the amended provisions in the Domestic Relations Law (see, L 1981, ch 695) is that the “date of application” is the date that papers were served. This is analogous to the situation in our case where the Probation Department notifies the respondent of the paternity petition and attempts to adjust the case prior to a hearing. The respondent has notice of the petition and of his rights. Subsequently, the Probation Department acts to notify DOSS of the results of its intake and adjustment process.
In this proceeding and based on all the foregoing it is the court’s decision that the applicable date for any support order will be the earliest date that the respondent had notice of this proceeding which, according to the evidence in this case, is determined to be November 2, 1983. In accordance with this decision, the amount of retroactive support provided by DOSS is established to be $1,906.16 as of January 31, 1985.

. 1981 McKinney’s Session Laws of NY, at 2720.

. Laws of 1981 (ch 695, § 9) amended Family Court Act § 571 by adding a new section 9 containing the “date of application” language.

. Scheinkman, 1981 Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 236, C236A:10, pp 156-158 and C236B:19, pp 210-211, 1977-1984 Supplementary Pamphlet; Scheinkman, 1982 Practice Commentary, C236A:10, pp 121-122,1977-1984 Supplementary *108 Pamphlet; Scheinkman, 1984 Practice Commentary, C236B:19, pp 97-99, 1977-1984 Supplementary Pamphlet.