■ KAREN ROBINSON, Respondent, v MICHAEL ASPINALL, Appellant. [657 NYS2d 15] —Order, Family Court, New York County (Rhoda Cohen, J.), entered on or about November 13, 1995, which rejected the Hearing Examiner's recommendation to dismiss the petition, granted petitioner's application for child support retroactive to November 27, 1978, and remanded the matter to the Hearing Examiner for a determination of respondent's liability for retroactive child support for the period of November 27, 1978 to February 1, 1989, unanimously affirmed, without costs. Leave to appeal granted *sua sponte*.

Family Court acted within its discretion in awarding petitioner arrears retroactive to the 1978 initial application (*see, Matter of Tammy R. v Vance S.*, 91 AD2d 743). Personal jurisdiction was established in 1978 by the 1979 proof of service as well as by the more recent Clerk's Certificate of Record. Contrary to respondent's assertions, petitioner's application for retroactive child support arrears is not barred by the Statute of Limitations, which, under these circumstances, is 20 years

(CPLR 211 [e]; *see, Matter of Commissioner of Social Servs. of City of N. Y. v Gomez,* 221 AD2d 39). Nor is the application barred by waiver, service of the 1978 application to establish paternity establishing petitioner's intention to enforce her right to child support, and the Clerk's Certificate of Record establishing respondent's notice of that intention (*see, Friedman v Exel,* 116 AD2d 433). Finally, since the purpose of a paternity proceeding and the imposition of support obligations is for the welfare of the child (*see, Matter of L. Pamela P. v Frank S.,* 59 NY2d 1, 5), a parent should not be able to avoid his or her duty to support the child by claiming that the other parent is guilty of laches (*see, Matter of Discenza v Dann OO.,* 148 AD2d 196, 198, *lv dismissed* 75 NY2d 765). We have considered respondent's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Rubin, Williams and Tom, JJ.