■ In the Matter of Doris Tse, Appellant, v Lex H.T. Van Der Ploeg, Respondent. [697 NYS2d 615] —Order, Family Court, Bronx County (Harold Lynch, J), entered on or about June 23, 1998, which denied petitioner's objection to the Hearing Examiner's final order of support denying petitioner's application for retroactive child support, unanimously affirmed, without costs.

Contrary to petitioner's contention, Family Court did not fail to exercise its own discretion or to substantively review the Hearing Examiner's decision. Fairly read, Family Court's decision reflects its review of the Hearing Examiner's interpretation and application of Family Court Act § 545 (2) as well as the papers and documentary evidence submitted by the parties. Nor do we find fault with the court's consequent denial of petitioner's application for retroactive support. It is undisputed that, during the nine years in question, petitioner calculated the total expenses for the parties' daughter on a monthly basis and that respondent always paid one half of those expenses. In light of petitioner's failure to offer any evidence of unpaid expenses for the parties' child, or to claim that any needs of the child have been unmet, there was no basis for ordering retroactive support (*see generally, Robinson v Aspinall*, 238 AD2d 255, *appeal dismissed* 90 NY2d 935). Petitioner's contention that the retroactive support claimed by her must be calculated ac-

cording to Family Court Act § 413, rather than Family Court Act § 545 (2), is without merit. Concur—Ellerin, P. J., Williams, Wallach, Buckley and Friedman, JJ.