Rabin, J.
In 1941, the plaintiff Isaac Donner (Donner), then an employee of the City of New York, became a member of the New York City Employees’ Retirement System (Retirement System). Donner retired in 1955 and was granted an annual retirement allowance by the Board of Estimate. According to the definitions within the statute governing retirement, he thereupon ceased being a 1 ‘ member ’ ’ of the Retirement System, and became a “ beneficiary ”. (Administrative Code of City of New York, §§ B3-1.0, B3-31.0.) At that time, and at the date of Donner’s original membership, section B3-47.0 of the Administrative Code provided that a member who had retired and had been receiving a retirement allowance had the right to again become a member of the Retirement System if he were re-employed by the City of New York before attaining the age of 70 years. (L. 1939, ch. 515, § 2.)
On July 15, 1968, at age 67, Donner re-entered city service in the City Law Department, at its request and solicitation, and under the statute, his retirement allowance ceased (Administrative Code, § B3-47.0). Donner then filed an application to re-enroll as a “ member ” of the Retirement System.
However, on July 1, 1968, 15 days prior to Donner’s re-employment by the city, section B3-47.0 was amended to lower *416 from 70 to 65 the maximum age at which a beneficiary could again become a member of the Retirement System. (L. 1968, ch. 821, § 15, amdg. Administrative Code, § B3-47.0.) In reliance on this amendment the Retirement System refused to accept Donner’s application.
In this article 78 proceeding, Donner claims that the application of the 1968 amendment to him violated the New York Constitution (art. V, § 7) making membership in a retirement system a contractual relationship and prohibiting diminution of benefits thereunder.* His position simply stated is that upon his becoming a member of the Retirement System in 1941 one of the benefits to which he was entitled under his contract with the Retirement System was the right to re-enter that system until age 70 upon his re-employment, and that this benefit has been diminished. We agree, and conclude that to apply the 1968 amendment and thus deprive Donner of this benefit would be unconstitutional.
We find no merit in the Retirement System’s argument that the amendment in question affected no protected benefit of Donner’s since he had no right requiring the city to re-employ him. Prior to the passage of the complained of amendment, Donner could have rejoined the Retirement System if he were rehired by the city. This opportunity to re-enter the Retirement System, while conditional upon being rehired by the city, was nevertheless a retirement benefit. The city was not obliged to re-employ Donner, but having done so, the conditional aspect of the benefit was satisfied and Donner had a right to be re-enrolled as a member (see 3A Corbin, Contracts, § 626, p. 10 [I960]). This right is protected by the Constitution and cannot be taken from him by the city’s unilateral action.
Once the analysis is anchored by this fundamental principle that a benefit may be conditional and still be constitutionally protected, we find that the Retirement System’s further argument, based on the statutory definitions, is clearly fallacious. The Retirement System points out that Donner was not a “ member ” of the system at the time of the amendment and *417 concludes from this that he could not be entitled to the benefits of “ membership ” therein. The categorizations of “ member ” and “ beneficiary ” have no bearing on the issue before this court. The ■ constitutional shield protects retirement benefits from diminution and would be ineffective indeed if it could be pierced by denominating some of the potential recipients of those benefits “ members ” and some “ beneficiaries ”. Obviously, petitioner would have no need to re-enroll in the Retirement System if he had not first left it by retiring.
Prior decisions of this court, Humbeutel v. City of New York (308 N. Y. 904 [1955]) and Gorman v. City of New York (304 N. Y. 865 [1952]), relied on by the Retirement System, are distinguishable from the present case. In Humbeutel we upheld a statute imposing a mandatory retirement age of 63 upon city policemen; and in Gorman we found the imposition of a 30-day notice requirement constitutionally permissible. However, the changes authorized in each of these cases primarily affected, and were directed at, terms of employment, and had only incidental effects on contractual retirement benefits. Ih Humbeutel, only the effective date of retirement was involved, not the diminution of retirement benefits. The requirement of notice in Gorman affected retirement benefits not at all. Donner’s situation reverses these factors. The change implemented by the city primarily affects his retirement rights and has little or no relationship to any term of his employment. We find nothing in Humbeutel and Gorman inconsistent with our holding herein.
Accordingly, the order appealed from should be reversed, with costs, and the matter remitted to Special Term for entry of a judgment granting the petition and ordering that respondent recognize petitioner as a member of the New York City Employees’ Retirement System and accord him all the rights, privileges, and benefits of such membership.
Chief Judge Bbeitel and Judges Jasen, Gabkielli, Jones, Wachtleb and Stevens concur.
Order reversed, with costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.

 New York Constitution (art. Y, § 7) reads as follows: “ After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”