James Gibson, J.
Motion for summary judgment in an action for judgment declaratory of plaintiffs rights in respect of his membership in the New York State Employees’ Retirement System.
Plaintiff became a member of the system on October 27, 1967, at which time he was a village mayor. Thereafter he applied for and received credit for prior municipal service and for military service. He subsequently left public employment and applied for retirement as of July, 1971 under the 55-year retirement plan and was retired on a pension of $250 per year.
Plaintiff subsequently re-entered village service and on December 21, 1973 requested that his membership in the system be reinstated. On November 29, 1974, after being informed of the options open to him, he advised the system that he had "decided to rejoin the * * * System effective January 1, 1974”, the date upon which he had assumed a new public office. In his letter, plaintiff noted his "understanding” that since he had been a member prior to July 1, 1973 he would not be affected by the amendments which became effective on that date and which provided a more restrictive retirement program. The system acknowledged plaintiffs letter, which it *430 accepted as directing his re-registration to active membership, but advised him that because his new registration date was as of January 1, 1974, his membership was governed by the amendments.[1] Plaintiff contests this determination, asserting that the amended statute cannot constitutionally be applied to him, and brings this action for judgment declaratory of his rights.
The basis of this action is the constitutional provision that: "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” (NY Const, art V, § 7.) Thus, the Constitution "prohibits official action during a public employment membership in a retirement system which adversely affects the amount of the retirement benefits payable to the members on retirement under laws and conditions existing at the time of his entrance into retirement system membership.” (Birnbaum v New York State Teachers Retirement System, 5 NY2d 1, 11.) Constitutional protection is also afforded one rejoining the system after discontinuing service, because one of the benefits that may not be impaired is the right of a retired employee, upon being re-employed to reenter the system under the same terms and with the same benefits as those existing when he previously became a member (Matter of Donner v New York City Employees’ Retirement System, 33 NY2d 413).
Thus the issue narrows to the single question as to just what rights vested in plaintiff, by virtue of the "contractual relationship” ordained by the Constitution, when he first joined the system on October 27,1967.
At that time, section 101 of the Retirement and Social Security Law in general provided, as it still does, that if a retired member shall return to active public service and is eligible for membership, he thereupon shall become a member, his retirement allowance shall cease and "he shall con *431 tribute to the retirement system as if he were a new member” (emphasis supplied); and that upon his subsequent retirement, he shall be credited with all member service earned since he last became a member and shall receive a retirement allowance consisting of (a) an annuity which is the actuarial equivalent of all his accumulated contributions and (b) the pension which he was receiving immediately prior to his last restoration to membership, "plus a pension including the pension-providing-for-increased-take-home-pay based upon the member service credit earned by him since he last became a member. Such latter pensions shall be computed as if he were a new member when he last became a member” (emphasis supplied).
One of plaintiffs constitutionally protected "benefits” was his right to rejoin the system should he re-enter public service and this benefit, of course, is not disputed; but so far as monetary "benefits” are concerned it is reasonably clear that the constitutional guarantee that at his first retirement he would receive a pension at the rate fixed at the time he joined the system did not assure the application of that rate following later reinstatement and re-retirement;[2] this because the "contractual relationship”, as the Constitution terms it, required that upon reinstatement following retirement he should contribute — and upon re-retirement be pensioned — "as if he were a new member” (Retirement and Social Security Law, § 101, subd a). The Constitution does not, in terms or otherwise, preserve naked pension rights qua rights but, rather, the benefits of the contractual relationship (i.e., "a contractual relationship, the benefits of which shall not be diminished or impaired” [emphasis supplied]). Thus, we must look to the contract for both the source and the definition of plaintiffs benefits. Upon scrutiny, it is clear that on October 27, 1967 plaintiff assented to a contractual arrangement under which his pension would be computed at one rate upon his first retirement but might be computed at another rate should be rejoin and subsequently re-retire and should the Legislature have meanwhile fixed another rate.
The cases cited by plaintiff contain nothing to the contrary.[3] *432 None of them involved the provisions of subdivision a of section 101 that a reinstated member should contribute — and upon subsequent re-retirement be pensioned — "as if he were a new member”; and, indeed, only Matter of Donner v New York City Employees’ Retirement System (33 NY2d 413, supra) involved a once-retired and subsequently reinstated pensioner. The sole issue in that case arose upon respondents’ challenge of petitioner’s constitutionally protected right to rejoin the respondent system upon being re-employed.* **[4] That issue is not presented here; and could not be, inasmuch as the right to rejoin is absolute and unconditional under the statute, thus differing from the conditional provisions in respect of rate embodied in subdivision a of section 101, which, of course, constitutes the contract and constitutionally protected "contractual relationship”. This conclusion does not — as plaintiff seems to argue — rest on the categorization of "member” and "beneficiary” as decried in Donner (supra, p 417) but on the explicit rate provisions hereinbefore discussed.
It must be concluded, then, that plaintiff does not have a contractual — and therefore constitutional — right, upon re-retirement, to a pension at the rate provided on October 27, 1967, when he became a member of the system.
As has been noted (supra, n. 1), another issue is presented by defendant’s assertion that upon re-entering the system, plaintiff must complete an additional five years of service after July 1, 1973 before re-retiring (Retirement and Social Security Law, § 441, subd a, as added by L 1973, ch 382, § 47, amd L 1974, ch 510, § 15), rather than but two years as under the earlier statute (Retirement and Social Security Law, § 101, subd a, referring to "such member [as] shall have earned at least two years of member service credit after restoration to active service”). The same principles hereinbefore discussed and approved in rejecting plaintiff’s claim with regard to pension rates, require that his claim with respect to the additional period of service precedent to re-retirement be sustained. Differing from the rate provisions, the two-year *433 provision for which plaintiff contends is clearly fixed and unconditional. In this context, the defendant’s argument that this privilege, absolute on its face, is rendered conditional by the fact that the statute under which plaintiff retired (Retirement and Social Security Law, § 75-c) is a temporary act, is neither persuasive nor, indeed, relevant.
Summary judgment is awarded declaring:
(1) That the provisions respecting rates of pension as contained in article 11 of the Retirement and Social Security Law are prospectively applicable to plaintiff upon his retirement; and that such application of said rates is lawful and not in violation of plaintiffs rights under section 7 of article V of the Constitution of the State of New York; and
(2) That the provisions of subdivision a of section 441 of the Retirement and Social Security Law with respect to the completion, as prerequisite to retirement, of a minimum of five years’ credited service after July 1, 1973, are, so far as sought to be applied to plaintiff, invalid and violative of plaintiffs rights under section 7 of article V of the Constitution of the State of New York.
Under all the circumstances, no costs are awarded (CPLR 8101).

. The amendments in question were enacted as new article 11 of the Retirement and Social Security Law (L 1973, ch 382, §47), the "provisions and limitations” of which "shall apply * * * to all members who join or rejoin a public retirement system” (Retirement and Social Security Law, § 440). But for the amendments, plaintiff, after rejoining, could have re-retired after two years, on an annual allowance of approximately $1,600. Under the amendments, plaintiff would have to complete an additional five years of service after July 1, 1973, before re-retiring. Under the amended statute he would then receive an annual allowance of approximately $850.

. Of course he would, under the statute quoted, receive upon re-retirement, as a minimum, the amount of the pension awarded him upon his first retirement plus certain additions.

. See, e.g., Kleinfeldt v New York City Employees’ Retirement System (36 NY2d 95); Matter of Weber v Levitt (34 NY2d 797, cert den sub nom. Leed v Levitt, 419 US *432 997); Matter of Donner v New York City Employees’ Retirement System (33 NY2d 413); Kranker v Levitt (30 NY2d 574); Matter of Ayman v Teachers’ Retirement Bd. of City of N. Y. (9 NY2d 119); Birnbaum v New York State Teachers Retirement System (5 NY2d 1).

. The problem was created by an amendment to the Administrative Code of the City of New York enacted after petitioner’s first retirement, reducing from 70 to 65 the maximum age at which an employee could again become a member of the system; petitioner being 67 at the time of his re-employment.