Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment reversing and annulling the final determination of the State Comptroller of October 6, 1976, suspending petitioner’s retirement allowance and reducing his pension reserves.
Petitioner, an attorney, was employed in May, 1953 by the Poughkeepsie City School District (School District), a participating employer in the New York State Employees’ Retirement System (Retirement System), in the position of school district attorney. He became a member of the Retirement System on June 24, 1956.
The petitioner’s annual salary when he retired from his employment on July 1, 1970 was $11,000. The petitioner’s position of school district attorney was a part-time position which excluded from the scope of its duties, among other things, litigation and Taylor Law matters. Legal services for such excluded matters were arranged for on a special retainer basis and petitioner was paid therefor in accordance with vouchered bills as distinguished from the payroll method. This compensation received by the petitioner was not salary but was a legal fee paid to him as a "nonemployee”. The fees were not subject to withholding or Social Security taxes or contributions to the Retirement System by the School District as employer for the benefit of petitioner as employee. Petitioner’s retirement allowance was based solely on petitioner’s annual salary.
Petitioner retired as aforesaid on July 1, 1970 and elected to receive a retirement allowance from the Retirement System of $230.79 a month under an election designated as "Option 1”. Following retirement, petitioner continued to render legal services to the School District as an independent contractor for matters not within the scope of the duties of the school district attorney. Petitioner received compensation on a fee basis pursuant to vouchers submitted.
In 1973 petitioner was retained as a school district attorney by a newly formed special school district known as West Park Union Free School District at an annual retainer of $500 as distinguished from an employee salary, now increased to $2,000 a year. In May of 1974, a vacancy occurred in the position of Poughkeepsie city school district attorney, and the board of education of that district requested petitioner to *618 accept employment in that position subject to the approval of the State Civil Service Commission, pursuant to subdivision 2 of section 211 of the Retirement and Social Security Law. The Civil Service Commission gave its approval and petitioner was employed as a retiree in the position of school district attorney at a yearly salary of $8,000. His employment in that position extended from May, 1974 to June, 1975, at which time the board of education appointed another person to the position.
In addition to performing the duties of the position of school district attorney in 1974 and 1975, petitioner continued to render legal services to the School District as an independent contractor for matters outside the scope of the duties of the school district attorney for which petitioner was paid on a legal fee basis as had been the case previously. Petitioner received in 1975 compensation from the School District as follows:
Salary as school district attorney: $5,076
Fees as an independent contractor: 11,474
16,550
Retainer from West Park School District: 2,000
Total compensation: $18,550
By section 45 of chapter 382 of the Laws of 1973 a new subdivision 4 was added to section 211 of the Retirement and Social Security Law, which provided that "A retired person who returns to public service on or after January first, nineteen hundred seventy-four, as a consultant shall be subject to the limitations applicable to a reemployed retiree as specified in this section or in any other provision of law.”
On February 1, 1976, the State Comptroller suspended the petitioner’s retirement allowance on the ground that he received earnings in excess of his allowable earnings in the calendar year 1975, and in addition, the State Comptroller reduced the petitioner’s annuity and pension reserves in the Retirement System as though the petitioner were receiving his retirement allowance during the period of suspension.
Petitioner appealed and filed a request for a hearing which was held on May 25, 1976. The respondent State Comptroller confirmed the suspension of the petitioner’s retirement and the reduction of his annuity and pension reserves following the said hearing, pursuant to subdivision 4 of section 211 of the Retirement and Social Security Law, upon the grounds *619 that the earnings received by petitioner in public service during 1975 consisted of salary and fees for services rendered and that the nature of petitioner’s duties, for which he was compensated on a fee or retainer basis, constituted consultant services and therefore his compensation for calendar year 1975 is subject to the limitations of section 211.
Respondents, in opposing the instant application, contend that the intent of subdivision 4 of section 211 of the Retirement and Social Security Law is to halt the practice of reemploying a retired governmental employee under the guise of a contract as an independent contractor and that petitioner, who is performing professional services involving his special knowledge, for various school districts pursuant to independent contracts, must be deemed to be a "consultant” for the purposes of subdivision 4 of section 211 of the Retirement and Social Security Law, and that he is subject to its provisions, and the various fees over and above the salary (some $10,550) are subject to the limitations imposed by the statute.
This court cannot agree that subdivision 4 of section 211 applies to petitioner. The contractual relationship established between petitioner and respondents when petitioner became a member of the Retirement System on June 24, 1956 entitled him and vested him with all benefits enjoyed at that time as well as all benefits when he became a beneficiary upon his retirement on July 1, 1970, and those benefits may not be diminished or impaired (NY Const, art V, §7). The right to accept retainers for legal services as an independent contractor without limitation, as distinguished from the limitation on salary which would be paid on subsequent re-employment in public service, was one of those benefits. The retroactive application of the 1973 amendment of subdivision 4 of section 211 of the Retirement and Social Security Law to petitioner was done in an unconstitutional manner as it diminished a benefit to which petitioner was entitled (see Kleinfeldt v New York City Employees’ Retirement System, 36 NY2d 95; Matter of Donner v New York City Employees’ Retirement System, 33 NY2d 413; Roddy v Valentine, 268 NY 228). When petitioner retired, his rights were fixed and no official action, legislative, judicial or administrative, can diminish or impair the retirement benefits to which petitioner is entitled, which included the unlimited right to practice law as an independent contractor on a fee basis (see Birnbaum v New York State Teachers Retirement System, 5 NY2d 1).
*620 In view of the foregoing, the suspension of petitioner’s retirement allowance should be reversed and the allowance and pension reserves should be returned to petitioner.
Petition is. granted.