OPINION OF THE COURT
Bentley Kassal, J.
issue
The issues raised on this CPLR article 78 proceeding are (1) whether a former municipal pension provision, which permitted retired employees to re-enter city service and subsequently re-retire with an additional pension, grants the employee a constitutionally protected vested right which may not be impaired by subsequent changes in the pension system, and (2) whether, upon such re-retirement, he is unconditionally entitled to additional benefits which were enacted between his two periods of service.
FACTS
Petitioner is the former Commissioner of the New York City General Services Department, who originally entered city service in 1929 and retired with a pension as Senior Civil Engineer of the Department of Highways in 1966. Thereafter, on January 1, 1974, he was appointed to his post as commissioner and, upon his return to city service, his retirement allowance, based upon his prior service, was suspended. He reentered the New York City Employees’ Retirement System ("System”) pursuant to section B3-47.0 of the Administrative Code of the City of New York. After approximately four years as commissioner, he filed a second application to retire,* *940 effective January 1, 1978. The Board of Trustees of the System denied this application relying upon an opinion of the Corporation Counsel (Opinion No. 108670), which opinion, by the current Corporation Counsel, Allen G. Schwartz, expressly disagreed with and reversed a prior opinion with respect to Carroll’s retirement application issued by the former Corporation Counsel, Bernard Richland (Opinion No. 108599). The Schwartz opinion concluded that Carroll was ineligible to retire and receive pension credit for his second period of city service since he failed to serve the requisite minimum period in effect at the time of the second retirement and was thereby limited to receiving only his former pension, plus an annuity based on his additional contributions to the System.
In this proceeding, petitioner seeks an order vacating and annulling the System’s determination and directing that he be retired with an aggregate retirement allowance based upon both his pensions for each of the two periods of employment.
DECISION
Section 441 of the Retirement and Social Security Law
The System maintains that because Carroll had completed only four years of employment as commissioner, he did not meet the minimum of five years of credited service required to retire under article 11 of the Retirement and Social Security Law. This statute, enacted as a State retirement benefits reform program, applies to employees who joined or rejoined a State or municipal public retirement system, on or after June 1, 1973 and provides, in part: "§ 441. Eligibility for retirement, a. No member of a retirement system who is subject to the provisions of this article shall be eligible to retire until he has rendered a minimum of five years of credited service after July first, nineteen hundred seventy-three”.
Initially, Carroll argues that section 519 of the Retirement and Social Security Law guarantees that employees who reenter city service are entitled to "all retirement rights, privileges and obligations of a person * * * [who] re-entered membership” in the retirement system on June 30, 1973 — one day before the effective date of section 441. However, section 500 of the Retirement and Social Security Law expressly provides that article 14 of the Retirement and Social Security Law (containing section 519) is applicable only to "members who *941 join or rejoin a public retirement system of the state on or after July first, nineteen hundred seventy-six” (Retirement and Social Security Law, § 500, subd a). Since Carroll rejoined in 1974, section 519 of the Retirement and Social Security Law is clearly inapplicable.
In any event, section 441 must be read in light of section 7 of article V of the New York State Constitution which provides: "After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
This constitutional right has been interpreted to require that one who re-enters the retirement system does so with the same benefits as those existing when he previously became a member. (Mutterperl v Levitt, 89 Misc 2d 428, affd 41 NY2d 956; Matter of Donner v New York City Employees’ Retirement System, 33 NY2d 413.)
Section 7 of article V, added to the Constitution in 1938, is only effective prospectively. (Matter of Ayman v Teachers’ Retirement Bd. of City of N. Y., 9 NY2d 119.) Thus, although Carroll originally joined the System in 1929, his vested pension rights are those provided by the law on the effective date of the constitutional amendment, July 1, 1940. (Cf. Matter of Day v Mruk, 283 App Div 233.) Under the provisions in effect at that time and at the time of Carroll’s first retirement, a member of the System who had previously retired, had the right, on re-entry into city service, to contribute to the annuity fund as though a new member and to receive a retirement allowance therefor without any minimum period after the entry of service. (See L 1939, ch 515.) Since there was no minimum period of service then required prior to retirement (nor was there when he first retired) Carroll may not now be required to complete, as precondition to retirement, the minimum of five years’ "new” service currently mandated by section 441 of the Retirement and Social Security Law.
Section 446 of the Retirement and Social Security Law
Carroll further argues that he should be entitled to rétirement pension benefits measured by section B3-47.0 (subd a, par [6]) of the Administrative Code which was in effect in 1974 when he rejoined the pension system. This permits an employee who re-retires after three years of additional service *942 to elect to merge his service credit for both periods of employment. However, in addition to the five-year eligibility requirement for retirement, which is discussed above, article 11 of the Retirement and Social Security Law added new restrictions to be met before an employee can obtain add-on credit for prior service, as follows:
"§ 446. Credit for service. * * *
"* * * c. Previous service.
"A member of a retirement system who is subject to the provisions of this article shall be eligible to obtain retirement credit for previous service if retirement credit had previously been granted for such service and the member has rendered a minimum of five years of credited service after July first, nineteen hundred seventy-three” (emphasis added).
Again this provision must be viewed in terms of the prohibition against impairment of retirement benefits under section 7 of article V of the New York State Constitution. The maximum benefits offered during the period of Carroll’s original employment, from 1929 to 1966, which are vested benefits subject to constitutional protection, consist of the original pension he was entitled to prior to rejoining city service, plus an additional, separate pension, for his later period of service. On the other hand, petitioner’s claimed right to have his benefits calculated pursuant to section B3-47.0 (subd a, par [6]) of the Administrative Code is not similarly vested and protected in that petitioner could not avail himself of this option until after the effective date of the amended statute, July 1, 1970 (which was subsequent to petitioner’s original retirement). Thus, when petitioner sought to re-retire from city service, he had to meet the current five-year employment requirement of subdivision c of section 446 of the Retirement and Social Security Law before he was entitled to claim "retirement credit for previous service” and apply for "total service credit” under the provisions of section B3-47.0 (subd a, par [6]). He did not.
Accordingly, petitioner’s motions are granted to the extent that the retirement system is directed to grant petitioner’s application for retirement and a retirement allowance consistent herewith.