OPINION OF THE COURT

Per Curiam.

A former member of the New York City Employees’ Retirement System who at the time his membership was terminated had no statutory right in consequence of his having been a former employee of the city to rejoin that system but who later returned to city-service and again became a member of the retirement system is not entitled to the benefits of the system in effect at the time of his original membership.
Appellant became a member of the New York City Council on January 1, 1964 and first entered the New York City Employees’ Retirement System on February 22, 1964. He left city-service on December 31, 1965. His membership in the system terminated on December 31, 1970 pursuant to subdivision 1 of section B3-31.0 of the Administrative Code which provided for termination of membership "[w]hen the time out of city-service * * * of any member who has resigned or been separated from the service through no fault of his own * * * shall aggregate more than five years in any period not exceeding ten consecutive years since he last became a member”.
In 1973 article 11 was added to the State Retirement and Social Security Law, establishing new limitations applicable to entrants into any public retirement system of the State or of any municipality thereof (L 1973, ch 382, § 47). This article, expressly made applicable to members who rejoined the system as well as to new entrants (§ 441, subd a), provided insofar as presently pertinent: "No member of a retirement system who is subject to the provisions of this article shall be eligible to retire until he has rendered a minimum of five years of credited service after July first, nineteen hundred seventy-three”.
*449 On January 1, 1974 appellant again entered city-service as President of the City Council and rejoined the retirement system on January 22, 1974. Toward the latter part of his term as Council President he applied for retirement effective January 1, 1978. His application was denied for his failure to have rendered five years of city-service after July 1, 1973 as mandated by the new article 11.
The present CPLR article 78 proceeding ensued, and appellant appeals, on constitutional grounds, from the denial of his application for retirement benefits by both courts below. We now affirm.
Appellant’s contention is that the nonimpairment clause of our State Constitution (art V, § 7) precludes application to him of the limitations on eligibility for retirement contained in article 11 of the Retirement and Social Security Law enacted in 1973. The infirmity of his argument stems from the fact that his membership in the system had terminated and that on rejoining the system in 1974 he did so as a new entrant. Appellant’s position is quite different from that of the petitioner in Matter of Donner v New York City Employees’ Retirement System (33 NY2d 413) on which he places reliance. In that case the petitioner was a retiree receiving benefits from the system at the time he returned to city-service who by virtue of that status enjoyed the right to reenter the system under section B3-47.0 of the Administrative Code. We there held that the statutory right of re-entry carried with it the right to re-enter under the terms and conditions to which the former member had previously been entitled. Appellant however can claim the benefit of no statutory or contractual right to "re-enter” the system arising out of his previous membership or status; he had only the right to enter the system a second time as a new member. Consequently he has no claim to continued entitlement to prior terms and conditions. Donner had the right to rejoin the system in its configuration at the time he left it; appellant had only the right to enter the system in 1974 in the configuration then existing. Thus the application of the article 11 limitation to appellant does not diminish or impair his retirement benefits.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, *450 Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.