OPINION OF THE COURT
Norman C. Ryp, J.
“Accident” — can its definition be retired and redefined, ex post facto, by an employee’s pension system?
In this CPLR article 78 proceeding petitioner moves for an order to review, amend and set aside the respondent’s administrative determination dated March 6, 1981, denying an accident disability retirement application filed by petitioner as arbitrary, capricious and contrary to law.
Petitioner states that on January 11, 1979, while in the course of duty as a New York City Housing Authority police officer he became physically incapacitated while removing a spare tire from the trunk of a patrol car. First, petitioner alleges respondent’s medical board, on April 3, 1980, approved petitioner’s application for accidental disability retirement benefits. Thereafter, on June 20 and August 1, 1980, this recommendation was “laid over” by respondent’s board of trustees.
*1066 Thereafter, on September 5, 1980, respondent’s board of trustees directed its medical board to apply a new narrower definition of “accident” relating to on-the-job injury requiring “the intervention of an external, unexpected and unusual fortuitous event proximately causing the injury”, and report thereon, which was done on September 25, 1980. Previously in effect on January 11,1979 and September 18, 1979 (respective dates of accident and petitioner’s application for subject accident disability retirement) the definition in section B3-40.0 of the Administrative Code of the City of New York was “natural and proximate result” of city service. Upon application of the new definition and re-evaluation, respondent’s medical board denied petitioner’s application.
Petitioner contends this action by respondent was arbitrary, capricious and contrary to law, claiming that recommendations and certifications of respondent’s medical board are binding upon respondent’s board of trustees, and citing Matter of Nilsson v LaGuardia (259 App Div 145, 147) and Matter of Daley v Board of Estimate of City of N.Y. (267 App Div 592).
Respondent contends it is empowered to determine what constitutes an accident and could properly remand the original recommendation of the medical board with instructions to now consider the definition of “accident” as so defined by the board of trustees.
Construction given applicable statutes through legislatively delegated regulations by the agency responsible for their administration if not irrational or unreasonable should be upheld. (See Matter of Johnson v Joy, 48 NY2d 689; Matter of Bernstein v Toia, 43 NY2d 437.)
Here, the board of trustees of the respondent is charged with the duty to assure that its medical board correctly interprets the relevant and applicable statutes in reaching the medical board’s recommendation. While it is the duty of the board of trustees to properly instruct the medical board upon the proper definition of “accident”, such is the above prior definition in section B3-40.0 of the Administrative Code in effect at the time of subject incident (January 11,1979) and petitioner’s application (September 18,1979) *1067 that should fairly, reasonably and equitably govern, not a retroactive one adopted almost 12 to 19 months later, and after a 2 months’ adjournment, on September 5,1980. This is especially so in view of a recent broad legislative and judicial definition of “accident” generally. (See Uniformed Firefighters Assn. Local 94, IAFF, AFL-CIO v Beekman, 52 NY2d 463.)
Section 7 of article V of the New York State Constitution provides, “membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.” (See Birnbaum v New York State Teachers Retirement System, 5 NY2d 1; Mutterperl v Levitt, 89 Misc 2d 428, affd 41 NY2d 956; 44 NY Jur, Pensions and Retirement Systems, § 25.) Thus, revising retroactively the definition of “accident” under the facts and circumstances herein may well have impaired and diminished petitioner’s constitutionally vested interest.
Thus, the September 5,1980 action of respondent’s board of trustees, in overruling the original medical board’s report on April 3, 1980, and denial of petitioner’s application on March 6,1981, based upon the final medical board’s report on September 25, 1980, were arbitrary, capricious and contrary to law under the facts and circumstances herein.
Accordingly, the subject article 78 petition is granted.