John J. CROWN, George L. Demott, Donald Fogarty, George Sorkvist, Adrian H. Richner, Francis Czelisniak, Richard M. Kerwich, Robert E. Tuffy, Harry J. Brix, Jr., David W. Sackman, James Stevens, William C. Clancy, Walter J. Fenn, Joseph M. Concheiro, Robert A. Hawd, Edward J. Ryan, Raymond J. Benoit, Stephen J. Stanley, George J. Todd and Francis O'Hagan, Plaintiffs,

v.

The TRUSTEES OF the PATROLMEN'S VARIABLE SUPPLEMENTS FUND, the Trustees of the Police Superior Officers' Variable Supplements Fund and the City of New York, Defendants.

No. 85 Civ. 2673 (SWK).

United States District Court, S.D. New York.

Jan. 15, 1987.

Ronald Podolsky, New York City, for plaintiffs.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of N.Y., New York City by Paul T. Rephen, Edward F. Zagajeski, Anne Carson, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs, retired superior officers or patrolmen of the New York City Police Department,[1] allege that defendants, the Trustees of the Patrolmen's and the Police Superior Officers' Variable Supplements Funds (the "Trustees") and the City of New York (the "City"), acting under color of state law, denied plaintiffs their variable supplement payments, which deprived them of property without due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted.

Article 2 of the Police Pension Fund (the "Pension Fund") provides retirement benefits to retired police officers and patrolmen such as plaintiffs. Plaintiffs made contributions to the Pension Fund during their tenure, are now receiving retirement allowances from the Pension Fund, and do not allege miscalculation of these allowances.

In 1970, after all the plaintiffs had retired, the New York State Legislature established two variable supplements funds (the "Supplements Funds") to provide supplementary payments to certain retired police officers and patrolmen. The enabling statute expressly provides that the payments made by these Supplements Funds shall not constitute pension or retirement benefits and are separate and distinct legal entities from the Pension Fund.

The Supplements Funds are funded by a portion of the investment earnings of the Pension Fund assets, which include pension contributions by police officers and the City.[2] When the Supplements Funds possess sufficient assets, the Trustees are authorized to make payments to certain retirees in such form, amount and cases as the Trustees may in their discretion determine, subject only to equity, fairness and prudent management. Such payments may be discontinued at any time. The Supplements Funds exclude all persons—such as plaintiffs—who retired prior to October 1, 1968. As a result, plaintiffs are ineligible for variable supplements payments.

Plaintiffs assume that they retain some sort of property right to the investment earnings of the Pension Fund which their contributions may have generated. As a result, plaintiffs contend that the Legislature's direction that the Supplements Funds' incomes, which are derived—at least in part—from funds generated by plaintiffs' contributions to the Pension Fund, constitutes confiscation of private property for a public purpose without just compensation in violation of the Takings Clause of the Fifth Amendment and their Fourteenth Amendment rights to due process.

Plaintiffs state a federal constitutional claim only if they have a property right in the Pension Fund's earnings. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Where plaintiffs make out such a property right, a state cannot deprive them of this property without due process. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11–12, 98 S.Ct. 1554, 1561, 56 L.Ed.2d 30 (1978); *Goss v. Lopez*, 419 U.S. 565, 573–74, 95 S.Ct. 729, 735–36, 42 L.Ed.2d 725.

■ It is well settled that property interests are created not by the Constitution, but rather by existing rules or understandings that stem from an independent source such as state law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 1491, 84 L.Ed.2d

---

**1.** The City of New York disputes that all plaintiffs are retired policemen. See Defendants' Memorandum of Law at 2.

**2.** When that portion of the Pension Fund's earnings from assets invested in equities such as stocks has exceeded the hypothetical earnings which would have been generated by the investment of the same amount of assets in fixed income securities such as bonds the difference between these two amounts is transferred to the Supplements Funds.

494 (1985); *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. *See also Paul v. Davis,* 424 U.S. 693, 709, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). As a result, the nature and extent of plaintiffs' protected property rights in publicly funded retirement systems are determined by reference to state law. *Withers v. Teachers' Retirement System of the City of New York,* 447 F.Supp. 1248, 1259 (S.D.N.Y. 1978), *aff'd,* 595 F.2d 1210 (2d Cir.1979); *Tron v. Condello,* 427 F.Supp. 1175, 1189 (S.D.N.Y.1976).

■ While there is no question that plaintiffs have an entitlement under New York law to receive their pension payments—which they are receiving—they have no entitlement to, or right to direct the retention of, the particular assets that are held for investment purposes in the pension fund. *Withers v. Teachers Retirement System,* 447 F.Supp. at 1260 (beneficiary-teachers of municipal pension fund to which they had contributed did not have a property interest in the particular assets held by the pension system). The New York courts have specifically analyzed this issue in the context of the Pension Fund and concluded that, "except to the extent that [the Pension Fund] is required to pay interest on members' accumulated contributions ..., the Pension Fund is not required ... to pay investment earnings to its members.... Thus, investment earnings are not a statutory component of Pension Fund benefits." *Poggi v. City of New York,* 109 A.D.2d 265, 491 N.Y.S.2d 331, 336 (1st Dep't 1985), *aff'd mem. on other grounds,* 67 N.Y.2d 794, 492 N.E.2d 397, 501 N.Y.S.2d 324 (1986).

As a result, plaintiffs lack a property interest in the investment earnings of the Pension Fund, as well as in the Supplements Funds, upon which due process could attach. *Withers,* 447 F.Supp. at 1260. Accordingly, plaintiffs fail to state a federal constitutional claim in their complaint, and their suit must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In addition, plaintiffs raise for the first time in their reply memorandum of law additional federal and state constitutional grounds in support of their complaint, including violations of rights under the Equal Protection Clause of the Fourteenth Amendment, the Anti-Impairment Clause of Article One, and Article V, Section 7, of the New York Constitution. This Court has provided the defendants with the opportunity to reply to these additional assertions and finds them to be meritless as well, based on the holdings of *Withers,* 447 F.Supp. at 1248; *Poggi,* 109 A.D.2d at 265, 491 N.Y.S.2d at 331; *Lippman v. Board of Education,* 66 N.Y.2d 313, 487 N.E.2d 897, 496 N.Y.S.2d 987 (1985), and *In re Maye v. Bluestein,* 40 N.Y.2d 113, 351 N.E.2d 717, 386 N.Y.S.2d 69 (1976).

Accordingly, this suit is dismissed.

SO ORDERED.