John J. CROWN, George L. Demott, Donald Fogarty, George Sorkvist, Adrian H. Richner, Francis Czelisniak, Richard M. Kerwick, Robert E. Tuffy, Harry J. Brix, Jr., David W. Sackman, James Stevens, William C. Clancy, Walter J. Fenn, Joseph M. Concheiro, Robert A. Hawd, Edward J. Rayn, Raymond J. Benoit, Stephen J. Stanley, George J. Todd, Francis O'Hagan, Plaintiffs-Appellants,

v.

The TRUSTEES OF the PATROLMEN'S VARIABLE SUPPLEMENTS FUND, the Trustees of the Police Superior Officers' Variable Supplements Fund, and the City of New York, Defendants-Appellees.

No. 1138, Docket 87–7147.

United States Court of Appeals, Second Circuit.

Submitted May 14, 1987.

Decided May 19, 1987.

Ronald Podolsky, New York City, for plaintiffs-appellants.

June A. Witterschein, Asst. Corp. Counsel, New York City (Peter L. Zimroth, Corp. Counsel, Lucy A. Cardwell, Asst. Corp. Counsel, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

Plaintiffs, former patrolmen and superior officers of the New York City Police Department who retired before October 1968, appeal from a judgment of the United States District Court for the Southern District of New York, Shirley Wohl Kram, *Judge*, granting defendants' motion under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint. Plaintiffs claim to have been deprived of property without due process of law in violation of the fifth and fourteenth amendments to the constitution. The property to which plaintiffs claim entitlement consists of supplementary payments from two "variable supplements funds" that were created by the New York legislature after plaintiffs had retired from the police department.

Although the enabling state legislation expressly provides that the supplementary payments are not considered pension or retirement payments, are legally distinct from the pension funds, and are not payable to people, such as plaintiffs, who had retired before October 1, 1968, plaintiffs nevertheless assert they are entitled to receive supplementary payments because those payments derive from the excess investment earnings of the pension funds to which they had contributed.

For substantially the reasons stated in the opinion below of the Hon. Shirley Wohl Kram, *Crown v. Trustees of the Patrolmen's Variable Supplements Fund*, 659 F.Supp. 318 (S.D.N.Y.1987), we hold that

plaintiffs have failed to allege a constitutionally recognized property right in the variable supplements fund payments. We have carefully considered plaintiffs' other claims and find them to be without merit.

Affirmed. Defendants' request for imposition of sanctions against plaintiffs is denied.