OPINION OF THE COURT
Ira Gammerman, J.
In this CPLR article 78 proceeding, petitioner, a retired patrolman of the New York City Police Department, seeks back (and continual) payments, plus interest from the Police Officer’s Variable Supplements Fund (VSF).
Petitioner retired on disability (from a "line-of-duty” heart attack) on October 27, 1976, after approximately 22 years of patrolman service and three years of "accredited service” at another New York City agency. The Police Officer’s Variable Supplements Fund is a separate entity from the Police Pen *827 sion Fund, with a separate board of trustees. The Variable Supplements Fund’s board of trustees may, at its discretion, authorize payments from the VSF to "pension fund beneficiaries.” " 'Pension fund beneficiary’ ” is defined in section 13-268 (5) of the Administrative Code of the City of New York as a police officer "retired for service”, thus making petitioner ineligible for these supplemental payments.
Petitioner claims that this "retired for service” clause of the Administrative Code is arbitrary and capricious, as it creates a classification with no legitimate State purpose, thereby violating his right to equal protection of law under the 14th Amendment of the US Constitution. Petitioner states that having served 22 years as a patrolman he would have been eligible to retire for service. He asserts that the Administrative Code classification is discriminatory inasmuch as he contributed to the Police Pension Fund at the same rate and for the same amount of time as officers retired for service but he is not eligible for the Variable Supplements payments, simply because of his disabled status.
Respondent’s position is that the distinction between service and disability retirees is an economic one, and therefore valid. Further, disability retirees generally work for shorter periods and therefore contribute less to the Police Pension Fund. While this may not be true in the present case, it has been held that "[i]f the classification has some 'reasonable basis,’ it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.’ ” (Dandridge v Williams, 397 US 471, 485.) Respondent further notes that while ineligible for VSF payments, disability retirees receive a final compensation that is fully excludable from gross income for income tax purposes while a service retirement pension is subject to Federal income taxation. Also, contrary to petitioner’s implication, the years of service beyond those required for service retirement increase the salary base for computing the final compensation of the disability retiree (75% as opposed to the 65% for the service retiree). It seems, therefore, that this economic classification is reasonably related to State objective, thus passing the "rational basis test” cited by both petitioner (Manes v Goldin, 400 F Supp 23 [ED NY 1975]) and respondent (Western & S. Life Ins. Co. v Board of Equalization, 451 US 648). In addition, it has been held that "[a] statute which allocates larger monetary benefits to those with greater need does not violate the equal protection clause because such a *828 classification is rationally related to a legitimate State interest.” (Poggi v City of New York, 109 AD2d 265, 274 [1st Dept 1985].) Therefore, in view of other economic advantages benefiting disability retirees, it is not arbitrary or capricious to limit Variable Supplements Fund payments to service retirees.
Respondent has raised the defense of laches and of the Statute of Limitations barring the petition. It is unnecessary to address these issues since the court has found respondent’s allocation of Variable Supplements Fund payments to be based on a rational and reasonable classification.
Accordingly, petitioner’s application is denied and his petition is dismissed.