Peter R. CASTELLANO et al.

v.

BOARD OF TRUSTEES OF the POLICE OFFICER'S VARIABLE SUPPLE-MENTS FUND, Board of Trustees of the Police Superior Officers' Supplements Fund, Harrison J. Goldin, and The City of New York.

No. 89 Civ. 3272 (KTD).

United States District Court, S.D. New York.

Oct. 9, 1990.

---

Ronald Podolsky, New York City, for plaintiff.

Peter L. Zimroth, Corp. Counsel, Attorneys, New York City (Susan Rockford, Susan Sanders, of counsel), for defendants.

## ENDORSEMENT

KEVIN THOMAS DUFFY, District Judge.

Plaintiffs, Peter R. Castellano et al. ("Castellano"), former police officers, former police superior officers, and former police detectives who retired on accident disability, ordinary disability, or with a vested right to a deferred retirement allowance, bring action pursuant to 42 U.S.C. § 1983 (1982) against defendants, Board of Trustees of the Police Officer's Variable Supplements Fund, Board of Trustees of the Police Superior Officers' Supplements Fund, Harrison J. Goldin, and The City of New York ("Board of Trustees"), claiming deprivation of, and entitlement to receive, certain supplementary payments from either the Police Officers' Variable Supplements Fund or the Police Superior Officers' Variable Supplements Fund ("VSFs"). Castellano claims that the denial by the Board of Trustees to pay the officers from the VSFs constitutes, under color of state law, a: (1) denial of equal protection of the laws under the fourteenth amendment; (2) deprivation of property without just compensation and without due process of the law; (3) deprivation of both a contractual right as well as a property interest; and (4) an impairment of property rights in the assets of the Police Pension Fund, Art. II and the VSFs. The Board of Trustees moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Castellano's complaint for failure to state a claim and lack of standing; Castellano cross-moves pursuant to Fed.R. Civ.P. 56 for summary judgment to receive payments.

Specifically, Castellano is one of more than 180 police officers who, prior to retiring, were members of the Police Pension

Fund, Article 2 ("Pension Fund"). They are currently beneficiaries of the Pension Fund, pursuant to § 13–214(5) of the Administrative Code of the City of New York ("Administrative Code").[1] These VSFs were established pursuant to vast legislation, they are separate legal entities from the Pension Fund, and are governed by their own Boards of Trustees. Admin.Code §§ 13–269, 13–270, 13–272, 13–278 through 287. The statute establishing the VSFs expressly provides that the supplemental payments made by these Funds shall not constitute pension or retirement benefits under the Pension Fund. Admin.Code §§ 13–271(b)(2)(ii), 13–281(b)(2)(ii).

Administrative Code § 13–232 provides the source of funds for the VSFs. A portion of the investment earnings generated by the assets managed by the Pension Fund, including assets contributed both by police officers and by the City, is transferred to fund the VSFs. When the Pension Fund's earnings, from assets invested in equities, exceed the hypothetical earnings which the same amount of assets would have generated if invested in fixed income securities, then the equivalent of this excess is transferred to the VSFs. The Board of Trustees of the two VSFs may authorize payments from the Funds to pension fund beneficiaries in such amount and in such cases as they may in their discretion determine, subject to standards of "equity, fairness and prudent management." Admin.Code §§ 13–269(b), 13–279(b). Payments may be made to "eligible pension fund beneficiaries" and such payments may be discontinued at any time. Admin. Code §§ 13–271(b)(2)(i), 13–281(b)(2)(i).

"Pension fund beneficiary" is defined in various sections of the Administrative Code as a police officer or police superior who has "retired for Service."[2] Castellano et al. did not retire for service. They retired either for ordinary disability, accident disability, or with a vested right to a deferred retirement allowance. Complaint ¶¶ 2, 11. As such, Castellano does not fall within the purview of the class of persons to whom the Boards of Trustees of the VSFs are authorized to make variable supplement payments.

 It is of no moment that Castellano asserts the Board of Trustees deprived him and his fellow officers of property without just compensation and without due process of the law in violation of the fourteenth amendment to the United States Constitution. In order to have a property interest in a benefit, a plaintiff must have "a legitimate claim of entitlement" to such benefit, which is cognizable under state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Castellano contends that a protected property interest exists because police officers contributed, through payroll deductions, to the funds comprising the VSFs and as such have an interest therein in the investment earnings which the VSFs have generated. Complaint ¶¶ 4, 8. This is belied by the fact that Castellano et al. contributed to the annuity portion of the total retirement allowance which they now receive. *See* Admin.Code § 13–256(c)(1) (vested right retirement allowance); § 13–257(1) (ordinary disability retirement allowance); § 13–258(1) (accident disability retirement allowance). Moreover, those contributions constitute entitlement to in-

---

**1.** The Pension Fund is governed by §§ 13–214 through 13–267 of the Administrative Code. The Administrative Code provides for: (1) member contributions, § 13–225; (2) the return of contributions with accumulated statutory interest if a member resigns or is discharged prior to retirement, § 13–240; and (3) retirement allowances for those police officers who fulfill all prerequisites for § 13–255 service retirement, § 13–257 ordinary disability, and/or § 13–258 accident disability.

**2.** The amended definition of "pension fund beneficiary" is: "Any person who receives a retirement allowance by reason of having retired, on or after October first, nineteen hundred and sixty eight, *for service* (with credit for twenty or more years of service creditable toward the minimum period) as a member of pension fund, subchapter one or pension fund, subchapter two and as a police officer." Admin.Code § 13–268(5) (emphasis supplied). Furthermore, "a minimum period" is defined as: "The minimum period of credited service which a member of a pension fund.... is required by law to perform in order to be eligible to retire *for service* with immediate payability of retirement allowance." Admin.Code § 13–268(1-a).

vestment earnings of neither the Pension Fund, nor VSFs. *See Crown v. Trustees of Patrolmen's Variable Supplements Fund,* 819 F.2d 47, 47–48 (2d Cir.1987) (motion to dismiss granted where plaintiffs, former patrolmen and superior officers of the New York City Police Department, failed to allege a constitutionally protected property right to variable supplements fund payments because there is no entitlement to assets or earnings of assets held for investment purposes in a pension fund); *Poggi v. New York,* 109 A.D.2d 265, 491 N.Y.S.2d 331 (1st Dep't 1985), *aff'd mem. on other grounds,* 67 N.Y.2d 794, 501 N.Y. S.2d 324, 492 N.E.2d 397 (1986) (investment earnings not considered statutory element of Pension Fund Benefits). The enabling state legislation expressly provides that the supplementary payments are not considered pension or retirement payments, are legally distinct from the pension funds, and are not payable to people such as Castellano et al. who had not retired "for service," as delineated in the code. Castellano therefore fails to allege a constitutionally recognized property right in the VSFs. The retirees at bar already receive all the due pension payments to which they are entitled.

■ Castellano further avers that the Board of Trustee's actions in making VSF payment to those who have retired for service, while denying such payments to all other classes of retirees, denies them equal protection of the laws in violation of the fourteenth amendment to the United States Constitution. Complaint ¶ 14. In the area of economic and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are less than perfect. If the classification has some "reasonable basis," it does not offend the Constitution. *U.S. Railroad Retirement Bd. v. Fritz,* 449 U.S. 166, 177, 101 S.Ct. 453, 460–61, 66 L.Ed.2d 368 (1980); *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491, *reh. denied,* 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970) (citing *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911) ). "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). Where a disability retiree of the Pension Fund also challenged the VSF on equal protection grounds, the Court held that it is "not arbitrary or capricious to limit the Variable Supplement Fund payments to service retirees" as the court has found "respondents' allocation of Variable Supplement Fund payment to be based on a rational and reasonable classification." *Ryan v. Board of Trustees,* 138 Misc.2d 826, 525 N.Y.S.2d 487 (Sup.Ct.N.Y.Co. 1988). Moreover, the legislature is afforded due deference for having "investigated and found facts necessary to support the legislation." *In re Adoption of Malpica— Orsini,* 36 N.Y.2d 568, 571, 370 N.Y.S.2d 511, 331 N.E.2d 486 (1975) (citation omitted), *app. dismissed,* 423 U.S. 1042, 96 S.Ct. 765, 46 L.Ed.2d 631 (1976). Therefore, it may be presumed that the legislature was fully aware of the features of the statutory retirement scheme that operate in favor of some retirees and not others.

The Board of Trustees avers that the legislative decision to reserve VSFs only for service retirees was a legitimate attempt to equalize benefits among the various classifications of retired members. I find that this provides a plausible and rational basis for the classification of VSF payments. In a nutshell, the State shows a legitimate interest, in recognition of service retirees' longer periods of service and greater lifetime contributions to the Pension Fund, as well as effectuating the collective bargaining process, to justify the classification complained of by Castellano. The classification passes constitutional muster under the Equal Protection Clause.

■ Finally, Castellano claims that the denial of VSF payments constitutes a violation of the Contract Clause. U.S. Const. Art. I, sec. 10. Complaint ¶¶ 1, 12, 20. Additionally, Castellano claims state impairment of the contract under Article V, section 7 of the New York Constitution. Complaint ¶¶ 1, 13, 21, 22, 23. In order to prevail on claims of violations of the feder-

al contract clause and state non-impairment clause, Castellano must show that some identifiable benefit set forth in these statutory sections is diminished or impaired by the enactment of the VSFs. *See Lippman v. Board of Education,* 66 N.Y.2d 313, 317–19, 496 N.Y.S.2d 987, 487 N.E.2d 897 (1985). Quite simply, none of the current benefits paid depend on the earnings of either the Pension Fund or VSFs; none of these benefits fluctuate with or depend upon investment earnings of the Pension Fund; and receipt of VSF payments apparently was not a subject of negotiation in the Pension Fund contract. Thus, the pleadings wholly fail to indicate a denial of benefits triggering the federal contract clause. The VSF payment scheme has neither diminished nor impaired any benefit set forth in the statutory Pension Fund contract. In sum, having failed to demonstrate that the receipt of VSF payments was an integral part of the original Pension Fund contract, Castellano et al. wholly fail to state a federal contracts clause or non-impairment clause violation.

For the foregoing reasons, the Board of Trustees motion to dismiss is granted and the complaint is dismissed in its entirety. Castellano's cross-motion for summary judgment is denied.

SO ORDERED.