■ In the Matter of DEANNA HOFFMAN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant. — In a

proceeding pursuant to CPLR article 78 to compel the Board of Education of the City School District of the City of New York to accept and process petitioner's "claim for remedy for [interrupted] sabbatical leave", the board appeals from a judgment of the Supreme Court, Kings County (Leone, J.), entered August 13, 1980, which granted the application. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. Petitioner seeks to enforce rights arising under a collective bargaining agreement between appellant and the United Federation of Teachers (UFT) and an arbitration award entered thereunder, which holds that the board had violated the agreement by improperly terminating and/or canceling sabbatical leaves. The board established July 31, 1979 as the deadline for filing claims under the arbitrator's award. Petitioner's claim, filed in October, 1979, was rejected as untimely and petitioner, through the UFT, filed a grievance. The UFT processed the grievance through the initial stages of the grievance procedure. However, the UFT, which had sole authority to do so, declined to proceed to arbitration after an unfavorable determination was rendered by appellant's office of the Chancellor. Thereupon, petitioner commenced the instant proceeding. As a threshold to an employee's right to proceed directly against an employer to enforce rights under a collective bargaining agreement, it is essential to establish that there was a breach of the duty of fair representation (bad faith, arbitrariness or discriminatory conduct) on the part of the bargaining agent (Albino v City of New York, 80 AD2d 261). No such claim or proof was presented to Special Term. The mere fact that the UFT declined to proceed to arbitration is insufficient to establish such a breach (see Vaca v Sipes, 386 US 171). The contentions as to possible bad faith on the part of the UFT, which are raised for the first time on appeal, are not properly before this court. Absent a showing of a breach of the duty of fair representation, it was improper for Special Term to have considered the case on the merits. In view of our decision, we refrain from passing on the merits as well. Margett, J.P., O'Connor, Weinstein and Bracken, JJ., concur.