■ ALFRED E. STEMPIEN, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. — Order unanimously reversed, without costs, defendant's motion granted and complaint dismissed. Memorandum: Plaintiff Stempien was terminated from his position as a bus driver for the Lackawanna School District on June 30, 1978. He alleges that his duties were illegally subcontracted out by the school district and that CSEA should have filed a grievance on his behalf in light of a decision rendered three months prior to his discharge in *Matter of Saratoga Springs City School Dist. (New York State Public Employment Relations Bd.)* (68 AD2d 202, mot for lv to app den 47 NY2d 711) which held that the contracting out of duties performed by public employees was a mandatory subject of bargaining under section 209-a (subd 1, par [d]) of the Civil Service Law. The record indicates that the school district had been subcontracting transportation services for several years prior to Stempien's termination and that the union acted in the belief that plaintiff's termination, along with that of several others, was caused by the economic

problems of the school district as well as by reduced student enrollment. In any event, the *Saratoga* decision does not give rise to a meritorious grievance on behalf of plaintiff. Unlike the situation in *Saratoga*, the Lackawanna School District did not refuse to bargain in good faith regarding the subcontracting issue, since the union, recognizing that the discharges were warranted by economic necessity, did not demand that the school district bargain. In order to succeed on a theory of breach of "duty of fair representation" against CSEA, plaintiff must allege and prove bad faith, arbitrariness or discrimination on the part of the union (*Vaca v Sipes*, 386 US 171; *Matter of Hoffman v Board of Educ.*, 84 AD2d 840; *Albino v City of New York*, 80 AD2d 261), none of which are alleged by plaintiff or supported by the facts. Even though plaintiff could proceed on a theory of common-law negligence against the union (see *Parker v Borock*, 5 NY2d 156, 161-162; *Donato v American Locomotive Co.*, 283 App Div 410, 415, affd 306 NY 966; *Pacilio v Pennsylvania R. R. Co.*, 381 F2d 570, 572; Ann., 34 ALR3d 884, 900-901), the facts do not indicate that the union breached its fiduciary duty to plaintiff in failing to file a grievance which was deemed to be meritless. Since "only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231, citing *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290), CSEA's motion for summary judgment dismissing the complaint is granted. (Appeal from order of Supreme Court, Erie County, Stiller, J. — summary judgment.) Present — Hancock, Jr., Doerr, Denman, Boomer and Schnepp, JJ.