■ In the Matter of HARRY FARKAS, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which found that the New York State Public Employees Federation did not breach its duty of fair representation to petitioner. On June 24, 1980, petitioner filed a charge with respondent Public Employment Relations Board (PERB) alleging that his union, the New York State Public Employees Federation (PEF), violated subdivision 2 of section 209-a of the Civil Service Law by failing to assist him in pursuing a complaint with his employer, the New York State Department of Health. Specifically, in March, 1980, petitioner requested PEF's assistance with his complaint that the Department of Health was illegally denying him an opportunity for promotion from his grade 27 position as Associate Radiological Health Engineer to a grade 31 position as Principal Radiological Health Engineer. When PEF, after investigating the matter, informed petitioner that the Department of Health's action was not illegal, petitioner asserted that the Department of Health's action, at the very least, violated the "spirit and intent" of the law. After PEF refused to initiate an action to compel the Department of Health to promote him, petitioner brought his complaint before PERB. After conducting a hearing, PERB dismissed the charge after finding, *inter alia,* that the record supported PEF's contention that it made a reasoned determination that a lawsuit or grievance based on petitioner's complaint would not be successful because the State had not violated the law. Petitioner then appealed to PERB for reconsideration of its determination. This application was denied and the instant CPLR article 78 proceeding was commenced. Assuming for purposes of this proceeding that petitioner's complaint extended to matters as to which PEF owed a representation obligation, the record fully supports PERB's determination that PEF complied with its obligation. Specifically, PEF reacted promptly to petitioner's initial complaint, conducting an investigation which revealed no "demonstrated illegality". Moreover, in response to additional correspondence by petitioner, PEF made repeated inquiries concerning petitioner's complaint. In order to establish a breach of the duty of fair representation, petitioner must demonstrate bad faith, arbitrariness or discrimination on the part of the union (*Stempien v Civil Serv. Employees Assn.,* 91 AD2d 864). PERB's determination that none of the above factors was present is fully supported by substantial evidence and should, accordingly, be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.