■ In the Matter of THOMAS G. BERGAMINE et al., Appellants, v PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., et al., Respondents. [608 NYS2d 431] —Judgment, Supreme Court New York County (Bruce McM. Wright, J.) entered May 14, 1993, which dismissed the petition, brought pursuant to CPLR article 78, requesting that petitioners be granted police officer's variable supplements fund benefits, unanimously affirmed, without costs.

Former police officers, superior officers and police detectives

who had retired for ordinary disability, accident disability or with vested rights to a deferred retirement allowance, but before the completion of 20 years of service without disability, brought this proceeding claiming that the respective respondent Benevolent Associations breached their duties of fair representation to them in failing to take steps to procure variable supplements fund ("VSF") payments on their behalf. These VSF benefits were established pursuant to a 1968 collective bargaining agreement and subsequent implementing legislation (L 1970, ch 876). The importance of the VSF benefits is that they serve as supplemental monies paid in addition to pension benefits and do not constitute a pension or retirement allowance (Administrative Code of City of NY § 13-269 [b]; § 13-279 [b]; *see, Poggi v City of New York,* 109 AD2d 265, *affd* 67 NY2d 794; *see also, Matter of Duffy v Dinkins,* 190 AD2d 619). The constitutionality of the statutory scheme which permits VSF payments to only those retirees who retired after 20 years of service without disability, while denying payments to those officers who retire under other circumstances (Administrative Code § 13-268 [5]; §§ 13-269, 13-278 [5]; § 13-279), has been upheld *(Castellano v Board of Trustees,* 752 F Supp 98, *affd* 937 F2d 752, *cert denied* — US — 112 S Ct 378). The collective bargaining agreement was conspicuously silent with respect to the eligibility of members for VSF benefits and it was the legislation which implemented the collective bargaining agreement that set restrictions on the payment of such benefits. Thus, assuming, arguendo, the accuracy of petitioners' allegations and contentions, it is nevertheless clear that they have not stated a claim for breach of the respondents' duty of fair representation. Since the record demonstrates petitioners were not entitled to VSF benefits and petitioners failed to set forth any facts to show either arbitrariness, discrimination or bad faith conduct on the part of respondents in discharging their duties *(see, Matter of Farkas v Public Empl. Relations Bd.,* 97 AD2d 569, *lv denied* 61 NY2d 601), the IAS Court properly dismissed the petition. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.