■ David Ballentine et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v Edward I. Koch,

Individually and as Mayor of the City of New York, et al., Respondents. [638 NYS2d 49] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about September 22, 1994, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint and denied plaintiffs' cross motion for summary judgment dismissing defendants' affirmative defenses, unanimously affirmed, without costs.

The IAS Court properly determined that enactment of the statutory scheme that changed the benefit structure of the Police Officer's Variable Supplements Fund (POVSF) (see, Administrative Code of City of NY § 13-268 et seq.) from a discretionary variable to a defined benefit scheme (L 1988, ch 247) did not diminish or impair any benefit of membership in the police pension system in violation of article V (§ 7) of the New York Constitution (see, Poggi v City of New York, 109 AD2d 265, affd on other grounds 67 NY2d 794), did not violate the Contract Clause of United States Constitution, article I, § 10 (see, United States Trust Co. v New Jersey, 431 US 1), and did not violate the Takings Clause of New York Constitution, article I, § 7 (see, Crown v Trustees of Patrolmen's Variable Supplements Fund, 659 F Supp 318, affd 819 F2d 47). In Poggi (supra, at 270), wherein this Court, in rejecting a New York Constitution, article V, § 7 challenge to a variable supplements fund (VSF) for retired police superior officers, specifically found that "the controlling statutory language clearly shows that the variable supplements payments are independent of, and were not intended to diminish or impair, any benefit under the Pension Fund contract". Although the Court of Appeals affirmed Poggi on other grounds and did not reach the issue of whether the VSF is a pension or retirement benefit, this Court has consistently upheld the continuing authority of Poggi regarding POVSF payments by determining that the VSF is not a pension fund benefit because the statute creating the POVSF specifically provides that it is not to be construed as a pension fund (Matter of Duffy v Dinkins, 190 AD2d 619), and that POVSF payments are to serve as supplemental monies paid in addition to pension benefits and do not constitute a pension or retirement benefit (Matter of Bergamine v Patrolmen's Benevolent Assn., 202 AD2d 201, 202, lv denied 83 NY2d 758).

Plaintiffs herein, who were represented by the Patrolmen's Benevolent Association (PBA) during contract negotiations for the 1969-1971 collective bargaining period, are also bound by the agreement between the City and the PBA, made on their behalf by the unions designated as their collective bargaining agents, which provided that POVSF payments are not a

contractual pension benefit within the ambit of article V (§ 7) of the New York Constitution (*Schacht v City of New York*, 39 NY2d 28).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.