OPINION OF THE COURT
Leonard B. Austin, J.
*929 This matter was settled, by entry into a settlement agreement dated April 7, 1998. In relevant part, the settlement agreement provided that plaintiffs pension realized as a New York City firefighter was subject to distribution in accordance with Majauskas v Majauskas (61 NY2d 481 [1984]).
Upon submission of the qualified domestic relations order, defendant contends that plaintiffs firefighters’ supplemental variable fund (V.S.F.) should be included and distributed. Plaintiff objects to this contending that his V.S.F. is not subject to distribution and that defendant waived distribution of this asset in the stipulation of settlement dated April 7, 1998. While the court believes that the V.S.F. is a distributable asset, defendant waived it in the stipulation of settlement.
By legislative determination, the Administrative Code of the City of New York provides that a firefighter’s V.S.F. is not to be construed in any way as a pension. (Administrative Code § 13-383 [b].) Notwithstanding such determination, the trial courts of this State have been split on whether the V.S.F. is nevertheless a marital asset subject to equitable distribution. (See also, Lazarus v Lazarus, NYLJ, May 6, 1996, at 35, col 6 [Sup Ct, Queens County] [which held that a comparable police V.S.F. was not marital property subject to equitable distribution]; contra, DeLuca v DeLuca, NYLJ, July 6, 1999, at 32, col 1 [Sup Ct, Queens County] [Where it was held that a police V.S.F. is subject to distribution. There has been no appellate resolution of this issue.].)
The analysis of whether an asset is marital or separate was discussed at length by the Court of Appeals in Majauskas v Majauskas (61 NY2d 481 [1984], supra) and Dolan v Dolan (78 NY2d 463 [1991]). Applying the Equitable Distribution Law, the Court of Appeals in Majauskas held: “[T]he Legislature may be deemed to have by reason of its specific reference to [single] ‘pension rights,’ the rights commonly accorded an employee and his or her spouse in a pension plan, it becomes evident that an employee’s interest in such plan, except to the extent that it is earned before marriage or after commencement of a matrimonial action, is marital property.” (61 NY2d, supra, at 490.)
The Court of Appeals expanded on the concept of pension rights as marital property for equitable distribution in Olivo v Olivo (82 NY2d 202 [1993]). In Olivo, the Court of Appeals explained that its decision in Majauskas (supra) was “premised on the idea that a pension is a form of deferred compensation”. (82 NY2d, supra, at 207.) In so doing, disability payments *930 which were calculated upon years of employment were found to be subject to equitable distribution. The Olivo Court determined that an early retirement incentive which was offered by the employer after commencement of a matrimonial action, and in fact, after the judgment of divorce, did not constitute a form of deferred compensation or money which was realized during the time of marriage and declined to equitably distribute same.
Given the manner in which the V.S.F. is funded and eligibility to receive a V.S.F., this court concurs with Special Referee Geller who, in DeLuca (supra), held that the V.S.F. is marital property subject to equitable distribution. The V.S.F. is a fund created from surplus funds in the firefighters’ pension fund. To be eligible for a V.S.F. payment under Administrative Code § 13-395 (a) (2), one must be a member of the pension fund as of certain cutoff dates. Thus, to be eligible for V.S.F. payments one must be entitled to a pension. The employment of the party is an essential predicate to being eligible for V.S.F. benefits. If the employment is during the marriage, it follows that a V.S.F. is a marital asset; albeit not a pension pursuant to legislative funding. A spouse is thus entitled to share a V.S.F. in the same proportion as the pension itself.
In this case, notwithstanding the foregoing analysis, the court declines to distribute plaintiffs V.S.F. to defendant. On April 7, 1998, the parties entered into a stipulation of settlement which was duly executed by both parties. Both parties were represented by counsel. In the stipulation, under paragraph 17.1 the parties “waived the right to make independent inquiry into the complete financial circumstances of the other, although each party had the opportunity to do so. Each party has been advised or is aware of his/her right to compel discovery in inspection of the other’s books and records, business and personal, and the right to have accountants, appraisers or others investigate, appraise or evaluate the other’s business, pension and retirement benefits and the like * * * Each has had a full opportunity and has consulted at length with his or her attorney regarding all of the circumstances hereof and acknowledges that this agreement has not been the result of any fraud duress or undo influence exercised by either party upon the other or by any other person or persons upon the other. Both parties acknowledged that this agreement has been achieved after honest negotiations.” (Emphasis added.) The parties, waived further discovery in paragraph 18.3 of the stipulation as well.
*931 In article XIV of the stipulation, dealing with plaintiffs pension, the parties agreed to a qualified domestic relations order with regard to plaintiffs pension; however, no specific provision was made with regard to the V.S.F. Based upon the cited language in the agreement, defendant who was represented by counsel cannot now claim any right to an asset which was not distributed in the agreement. All such additional claims were waived by defendant in the article dealing with general releases. (Stipulation art XIII.)
In essence, by asking this court to reject the qualified domestic relations order submitted by plaintiff, defendant is urging that she is entitled to more than she bargained for in the stipulation. This court will not speculate as to whether or not the V.S.F. was a known right which was negotiated away or was merely forgotten. In either event, this court will not read into the stipulation the distribution of an asset which the parties did not agree to distribute.
Although this court is sympathetic to and agrees with defendant’s argument that the V.S.F. is a marital asset, the stipulation of settlement of April 7, 1998 precludes anything but the granting of the submitted qualified domestic relations order.
Accordingly, the qualified domestic relations order submitted by plaintiff is granted herewith.