OPINION OF THE COURT
Debra J. Kiedaisch, J.
The parties were married on February 24, 1990. The matri *786 monial action was commenced on March 19, 1999. The plaintiff is an active detective with the New York City Police Department. The plaintiff commenced his employment with the New York City Police Department prior to the parties’ marriage. The parties have resolved all of the issues in the action with the exception whether the plaintiff husband’s interest in the Police Superior Officers’ Variable Supplements Fund (SOVSF) is marital property and subject to equitable distribution under Domestic Relations Law § 236. There is also pertaining to New York City police officers who are below the rank of sergeant a Police Officers’ Variable Supplements Fund (POVSF) (see, Ballentine v Koch, 89 NY2d 51; see, L 1988, ch 247). The plaintiff contends payments to be received by him from the SOVSF are not marital property and not subject to equitable distribution. The defendant contends they are. By agreement the parties have submitted this remaining issue to the court for determination on papers.
The cases of Ballentine v Koch (89 NY2d 51 [1996], supra) and Poggi v City of New York (109 AD2d 265, affd 67 NY2d 794) set forth the relevant legislative history with respect to the nature and administration of the two aforementioned variable supplements funds. Both funds were created in 1970 with the POVSF then being called the Patrolmen’s Variable Supplements Fund (Ballentine v Koch, supra, at 54). Both funds are funded with the monies derived from investments of police pension fund monies. In 1988, the law with respect to the POVSF was changed to diminish the powers of the trustees who administer that fund and to provide that benefits from the POVSF would thereafter be paid according to a defined benefits plan (Ballentine v Koch, supra). The standard for the trustees, which still appears to govern the administration of the SOVSF, is that the trustees are authorized to grant supplemental payments from the fund’s assets to pension plan retirees in such form and amount as the trustees in their discretion determine subject to the standard of “equity, fairness and prudent management” (Poggi v City of New York, supra, at 268).
The plaintiff contends that his eligibility for SOVSF benefits will not be determined until his retirement. He states that in order to be eligible he must retire as a superior officer with 20 years of service. The plaintiff contends that entitlement to SOVSF benefits is earned in the twentieth year of service and that if he leaves employment before the twentieth year, or dies before retirement, plaintiff will not receive any SOVSF benefits. *787 Plaintiff contends that the benefits received from the SOVSF are, therefore, not marital property in that they do not represent deferred compensation earned during the time of the parties’ marriage.
Several trial level court decisions have been brought to the attention of this court in which the lower courts have divided on whether such variable supplements benefits are marital property subject to equitable distribution. There is no controlling appellate court decision on the issue.
What makes an asset, including pension benefits, a marital asset and subject to equitable distribution is that such benefits represent a form of compensation which has its genesis in, and is deferred from, the time the parties were married (Olivo v Olivo, 82 NY2d 202). There appears no persuasive reason in logic or equity to exclude or treat differently supplemental benefits derived from the earnings on the investment of pension fund monies, which are themselves marital assets, merely because such earnings are siphoned into a separate supplemental fund and subject to different conditions of vesting and enjoyment (Ballentine v Koch, supra, at 59; see, DeGennaro v DeGennaro, 181 Misc 2d 928). While defendant was contributing during the marriage to the earning and accumulation of the pension benefits which plaintiff will enjoy, and to which defendant is entitled to her marital share, there is not any evidence to show that defendant was not, per force, contributing towards the earning and accumulation of the incidental right to supplemental benefits ultimately derived from the pension assets. The fact that plaintiff contends the ultimate supplements fund benefits, if any are received, will not be known until plaintiff retires is not controlling. Plaintiff confuses the vesting of SOVSF benefits at a particular time in the future with the process by which they are created or earned. That a marriage terminates at a time that pension benefits are yet unvested makes no difference to a portion of such benefits, as ultimately received, being marital property to which the nontitled spouse is entitled to an equitable share. Rather, the nonvested pension is viewed as having been earned gradually over a period of time that encompasses the marriage (Burns v Burns, 84 NY2d 369). The same should apply to SOVSF benefits derived from contributions to and participation in the same pension plan. It is noted plaintiff argues in his brief that he will not be “eligible” to receive such benefits until after 20 years’ service at which time entitlement to participation in the variable fund will be “earned.” However, just as “length of service” does not neces *788 sarily guarantee an asset is marital in nature, the fact that an asset may not be enjoyed unless a hallmark length of service is reached does not necessarily render the asset nonmarital (cf., Olivo v Olivo, supra, at 208). Plaintiff cites a portion of the Administrative Code of the City of New York which commands the actuary for the trustees of the SOVSF to base the annual valuation of liability of the fund for payments upon police superior officers who may be actually expected to retire with 20 years or more of service. Plaintiff’s argument, and this section of the Code, indicate plaintiff, himself, has an expectation to receive such benefits if he reaches the 20-year length-of-service mark. The SOVSF was in existence prior to and during the parties’ marriage. There was a reasonable expectancy- by the parties during the marriage that SOVSF benefits would be enjoyed some time in the future. Such supplemental benefits, if they are received, will not entirely and unexpectedly come into being after termination of the parties’ marriage (cf., DeJesus v DeJesus, 90 NY2d 643, 647). Although not a pension, the SOVSF benefits are more properly to be considered in the nature of a supplemental enhancement of the retirement income to be received from the pension which is a marital asset. There is no reason that under such circumstances plaintiff, alone, should enjoy the additional supplemental income, if any, derived from the pension (Olivo v Olivo, supra, at 209). Nor would it be determinative of the issues herein, as to during what particular years, in and outside of the years the parties were married, that monies may have been transferred from the pension fund to the SOVSF. The equitable distribution law broadly defines the term marital property, recognizes the joint economic partnership aspects of marriage, and seeks to achieve the fairest result for both parties upon dissolution of the marriage (Majauskas v Majauskas, 61 NY2d 481; Burns v Burns, supra). The Majauskas formula should be applied to determine the parties’ share of the benefits received from the SOVSF, as an asset earned gradually over a period of time that encompasses the marriage, the same as such formula is applied to determine the parties’ shares of the pension proper.
Accordingly, the judgment to be entered in this action should contain an appropriate provision consistent with this order with respect to equitable distribution of the subject Police Superior Officers’ Variable Supplements Fund.
Plaintiff shall settle the divorce judgment consistent with this order on notice for July 13, 2000.