[718 NYS2d 364]

CRESCENZO DELUCA, Appellant, v MARIA DELUCA, Respondent.

Second Department, December 26, 2000

144

## APPEARANCES OF COUNSEL

*Alexander Potruch, P. C.,* Mineola, for appellant.
*Robert A. Ross,* Kew Gardens, for respondent.

## OPINION OF THE COURT

LUCIANO, J.

Among the many issues raised by the plaintiff husband in this action for a divorce and ancillary relief is the question of whether payments from the New York City Police Department Police Superior Officers' Variable Supplements Fund, which are made to eligible retired police officers, are marital assets subject to equitable distribution. The New York appellate courts have not yet addressed this question. We conclude that such benefits are not marital assets subject to equitable distribution.

### FACTS

The parties were married on May 29, 1966, and in 1967 the plaintiff became a police officer in the New York City Police Department (hereinafter NYPD). In 1984, the plaintiff achieved the rank of detective. The defendant was a housewife during the marriage, caring for the parties' two children and maintaining the household.

In July 1996, the plaintiff commenced this divorce action and, on February 28, 1998, he retired from the NYPD. According to the former chief actuary of the New York City retire-

ment system who testified at trial, the plaintiff was entitled to three types of benefits upon his retirement. First, he was entitled to receive from the New York City Police Officers' Pension Fund the retirement pension benefits which he had accrued over his nearly 30 years of service. At the time of trial, the plaintiff was receiving $46,737 annually in pension benefits. Second, the plaintiff possessed an annuity fund, which was maintained by the Detectives' Endowment Association, with a value of approximately $33,000. Third, because he was a detective at the time he retired, pursuant to Administrative Code of the City of New York § 13-232 (a) (16) and § 13-278 (4), he was entitled to receive benefits valued at approximately $110,000 from the Police Superior Officers' Variable Supplements Fund.

The Supreme Court determined that in order to effect an equitable distribution of the marital assets, the defendant was entitled to receive 50% of the plaintiff's pension benefits, annuity fund, and Police Superior Officers' Variable Supplements Fund benefits. The plaintiff has challenged, *inter alia,* the distribution of the Police Superior Officers' Variable Supplements Fund benefits as an asset of the marriage.

### VARIABLE SUPPLEMENTS FUND

The Police Superior Officers' Variable Supplements Fund was created by the New York State Legislature. The Fund consists of "such monies as may be paid" from the "contingent reserve fund" of the Police Officers' Pension Fund (*see,* Administrative Code of City of NY § 13-279). The contingent reserve fund consists of the accumulated contributions necessary to pay all the pensions and benefits directly associated with the Police Officers' Pension Fund (Administrative Code of City of NY § 13-228). The amount contributed from the contingent reserve fund to variable supplements funds annually is determined pursuant to a formula which compares that portion of the Pension Fund's investment earnings derived from assets invested in equity investment funds with a hypothetical earnings figure which would have been derived if the assets had been invested in fixed earnings securities (*see,* Administrative Code of City of NY § 13-232 [4], [5], [7] [b], [d]; §§ 13-232.1, 13-232.2 [b] [4], [5] [b], [d]; § 13-232.3).

Upon calculating the difference between the actual and hypothetical earnings, that difference is transferred to two variable supplements funds: the Police Officers' Variable Supplements Fund and the Police Superior Officers' Variable Supplements Fund (*see,* Administrative Code of City of NY

§ 13-232 *et seq.*). The transferred earnings are apportioned between the two variable supplements funds in accordance with a statutory formula which apportions the earnings between the Police Officers' Variable Supplements Fund and the Police Superior Officers' Variable Supplements Fund in the same ratio that the active superior officers' total contributions to the Pension Fund bear to the active patrolmen's total contributions in the year that the transferable earnings were generated (*see*, Administrative Code of City of NY § 13-232 [b], [d] [1], [2]). For a police superior officer or a police officer to be eligible for benefits from either the Police Superior Officers' Variable Supplements Fund or the Police Officers' Variable Supplements Fund, he or she must have been in service as a member of the pension fund, and retire after 20 or more years in service (*see*, Administrative Code of City of NY § 13-278 [5]).

The benefits at issue here are those derived from the Police Superior Officers' Variable Supplements Fund. The Police Officers' Variable Supplements Fund, however, is calculated and disbursed pursuant to the same statutory guidelines as those governing the Police Superior Officers' Variable Supplements Fund. Our conclusion, therefore, that benefits disbursed from the Police Superior Officers' Variable Supplements Fund are not subject to equitable distribution is equally applicable to Police Officers' Variable Supplements Fund benefits.

■ Pivotal to our inquiry is the question of whether the benefits derived from the Police Superior Officers' Variable Supplements Fund and the Police Officers' Variable Supplements Fund may be characterized as part of a police officer's pension benefits. In the context of marital property, pensions have been described as "contract rights of value, received in lieu of higher compensation which would otherwise have enhanced either marital assets or the marital standard of living" (*Majauskas v Majauskas*, 61 NY2d 481, 491-492). Even though a worker's access to pension benefits does not occur until retirement, his or her right to receive the benefits upon retirement accrues incrementally during the years of employment. The Court of Appeals therefore, has concluded that a pension fund is a type of "deferred compensation," which, to the extent it accrues during the marriage, is properly considered a marital asset subject to equitable distribution (*Olivo v Olivo*, 82 NY2d 202, 207; *see, Burns v Burns*, 84 NY2d 369, 376 [nonvested pensions]; *Majauskas v Majauskas, supra*).

We disagree with the Supreme Court in this case, as well as other courts which have concluded that variable supplements

funds, which are initially derived from the reserves of the Police Officers' Pension Fund, are deferred compensation subject to equitable distribution (*see, Torriente v Torriente,* 184 Misc 2d 785; *DeGennaro v DeGennaro,* 181 Misc 2d 928). These courts reason that the variable supplements fund benefits cannot be treated differently than pension fund benefits, which are themselves marital assets, because the supplemental funds are created by the siphoning of surplus investment earnings from the pension funds into separate funds. These courts also opine that pension fund benefits accrue incrementally, and that employment and participation in the pension system are the essential predicates for eligibility to receive pension benefits. Therefore, they conclude that variable supplements fund benefits, which are also predicated upon employment and participation in the pension system, accrue incrementally (*see, Torriente v Torriente, supra; DeGennaro v DeGennaro, supra*), and must be considered marital assets subject to equitable distribution.

While the conclusions of these courts adhere to the definition of "deferred compensation" set forth by the Court of Appeals in *Olivo v Olivo* (82 NY2d 202, *supra; see, Majauskas v Majauskas, supra*), they are ineluctably contradictory to the express purpose of the New York State Legislature in enacting the portions of the Administrative Code of the City of New York applicable to variable supplements funds. To conclude otherwise offends the maxim that no judicial reasoning or authority shall countermand an express and lawful legislative mandate. Additionally, on this score there is no challenge to the express lawful mandate of the Legislature.

The Police Superior Officers' Variable Supplements Fund was established pursuant to Administrative Code of the City of New York § 13-279. The Legislature explicitly declared that the Police Superior Officers' Variable Supplements Fund

> "shall not be, and shall not be construed to constitute, a pension or retirement system or fund, and that it shall function as a means whereby payments, not constituting a pension or retirement allowance, shall be made in accordance with the provisions of this subchapter, to eligible pension fund beneficiaries as a supplement to benefits received by them under subchapter one or two [i.e., police department pension funds]." (Administrative Code of City of NY § 13-279 [b].)

This language is repeated in the subchapter pertaining to Police Officers' Variable Supplements Fund (*see,* Administra-

tive Code of City of NY § 13-269 [b]). The Legislature further delineated the separate nature of the variable supplements funds by echoing the above-quoted language in the sections of the Administrative Code regarding the distribution of the variable supplements funds. Those sections state that the variable supplements "shall not create or constitute membership in a pension or retirement system" (Administrative Code of City of NY § 13-271 [b] [2] [i]; § 13-281 [b] [2] [i]) and "shall not constitute a pension or retirement allowance or benefit" (Administrative Code of City of NY § 13-271 [b] [2] [ii]; § 13-281 [b] [2] [ii]).

In reliance upon this explicit language, some New York courts have concluded that variable supplements funds cannot be construed as pension or retirement allowances. In particular, the Court of Appeals in *Matter of Maye (Bluestein)* (40 NY2d 113, 115-116) stated that firefighters' variable supplements funds may not be construed as a pension. In *Poggi v City of New York* (109 AD2d 265, 270, *affd* 67 NY2d 794), in which the Appellate Division, First Department, determined whether the transfer of pension fund earnings to the variable supplements fund diminished or impaired the pension fund, the Court took special note of the Legislature's express language creating a nonpension supplement for pension fund retirees in addition to, and independent of, the retirement allowances provided in the pension contract (*see also, Ballentine v Koch*, 224 AD2d 320, 321, *affd* 89 NY2d 51; *Matter of Duffy v Dinkins,* 190 AD2d 619; *Matter of Bergamine v Patrolmen's Benevolent Assn.,* 202 AD2d 201, 202).

In its discussion of the distribution of variable supplements fund benefits as an inducement to civil and municipal employees to remain in active service, the United States Court of Appeals for the Second Circuit rejected the notion that the benefits constitute deferred compensation (*see, Castellano v City of New York,* 142 F3d 58, 71, *cert denied sub nom. Velardi v New York City Fire Dept. Pension Fund,* 530 US 1205). That court also opined that the level of variable supplements fund benefits does not vary according to the number of years served (*see, Castellano v City of New York, supra,* at 71).

A review of the statutory formula (*see,* Administrative Code of City of NY § 13-281) unquestionably indicates that the variable supplements fund payments are not calculated on the basis of credits earned through a police officer's employment. The sole requirement for eligibility for such benefits is the completion of 20 years of service, but entitlement matures only upon retirement (*see, Lazarus v Lazarus,* NYLJ, May 6, 1996,

at 35, col 6 [Sup Ct, Queens County]). If, therefore, the plaintiff in the present case retired prior to the completion of 20 years of service, or if he had become disabled and accepted disability retirement benefits before the completion of 20 years of service, he would not have been entitled to collect the Police Superior Officers' Variable Supplements Fund payments.

We note with approval the criteria used by the Supreme Court, Queens County, in *Lazarus v Lazarus (supra),* in which that court held that Police Superior Officers' Variable Supplements Fund benefits were not marital assets subject to equitable distribution. That court determined that a combined reading of *Majauskas v Majauskas* (61 NY2d 481, *supra*), and its progeny (*see, Olivo v Olivo,* 82 NY2d 202, *supra*), offered a set of criteria which included (1) whether the benefit is a form of deferred compensation, (2) whether the specific right at issue is a contractual right received in lieu of higher compensation which would have otherwise enhanced marital assets or the marital standard of living, (3) whether said contract right varied depending on the number of years employed, and (4) whether the employee's right to it accrued incrementally during his or her years of employment.

Applying to the present case the criteria delineated in *Lazarus (supra),* we hold that benefits paid by the statutorily created Police Superior Officers' Variable Supplements Fund are not a marital asset subject to equitable distribution. To conclude otherwise abrogates the efficacy of the legislative intent. The plaintiff's right to receive Police Superior Officers' Variable Supplements Fund benefits did not accrue incrementally during his years of service. He became entitled to receive the benefit only upon the completion of 20 years of service. The payment of benefits to him, which is dictated by a prescribed statutory formula (*see*, Administrative Code of City of NY § 13-281), does not change regardless of the number of years of service in excess of 20 years.

The Legislature has eliminated any subjective interpretation by the clarity of its enabling statute. The Pension Fund statutory scheme does not describe benefits paid by the Police Superior Officers' Variable Supplements Fund or Police Officers Variable Supplements Fund as additional pension compensation. These benefits are not in lieu of other compensation. In view of the express directive of the Legislature and the Court of Appeals decisions characterizing the benefits as nonpension benefits, we determine that Police Superior Officers' Variable Supplements Fund benefits and Police Officers' Variable

Supplements Fund benefits are not marital assets subject to equitable distribution.

■ The plaintiff contends that the Supreme Court improvidently exercised its discretion in reducing his equity share in the marital residence by the purported costs of selling the property. There was no evidence before the court that the defendant, to whom the court awarded sole possession of the residence and its furnishings, intended to sell the property or that such a sale was likely in the future. There was, therefore, no basis for such an arbitrary reduction of the plaintiff's equity in the residence.

The plaintiff's remaining contentions are without merit.

Accordingly, the appeal from the decision must be dismissed as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509). The judgment must be modified by deleting the provision thereof which awarded the defendant equitable distribution of the plaintiff's Police Superior Officers' Variable Supplements Fund benefits and reduced his equitable share in the marital residence by the purported costs of its sale.

THOMPSON, J. P., and SCHMIDT, J., concur with LUCIANO, J.; FEUERSTEIN, J., concurs in the result only based on the reasoning set forth in *Lazarus v Lazarus* (NYLJ, May 6, 1996, at 35, col 6, *supra*).

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509, *supra*); and it is further,

Ordered that the judgment is modified, on the law and as an exercise of discretion, by (1) deleting the fourth decretal paragraph thereof, (2) deleting the fifth decretal paragraph thereof and substituting therefor a the following decretal paragraph: "ORDERED AND ADJUDGED that the defendant is entitled to a total of $42,092.50, representing her share of the annuity and retroactive pension payments, calculated as follows: $16,703.50 for the defendant's share of the annuity and $25,389 for the defendant's share of the pension; and it is further," (3) adding a decretal paragraph thereto awarding the plaintiff his benefits under the Police Superior Officers' Variable Supplements Fund as his separate property, (4) deleting from the sixth decretal paragraph thereof the words "$41,670.00 after deductions for broker's commission, transfer

tax, and deed stamps" and substituting therefor the words "$45,000," and (5) deleting the seventh decretal paragraph thereof and substituting therefor a decretal paragraph directing the defendant to pay the plaintiff the sum of $2,907.50 based on a finding that the defendant owes the plaintiff $45,000 as his share of the marital premises and the plaintiff owes the defendant $42,092.50 as her share of his annuity fund and retroactive payments of her share of his pension benefits; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.