■ CRESCENZO DELUCA, Appellant, v MARIA DELUCA, Respondent. [736 NYS2d 601] —In an action for a divorce and ancillary relief, the plaintiff appeals (1) from a decision of the Supreme Court, Queens County (Geller, R.), dated June 9, 1999, and (2), as limited by his brief, from stated portions of a judgment of the same court, dated August 5, 1999, which, after a nonjury trial, inter alia, (a) awarded the defendant the furnishings in the marital residence and an automobile registered in her name, (b) awarded the defendant one half of the benefits he received from the New York City Police Department Police Superior Officers' Variable Supplements Fund, and (c) valued the marital residence at $180,000 and reduced his equity in the marital residence by his share of the costs of its sale. By opinion and order dated December 26, 2000, this Court, inter alia, modified the judgment by, among other things, deleting the provision thereof awarding the defendant equitable distribution of the plaintiff's benefits received from the New York City Police Department Police Superior Officers' Variable Supplements Fund and substituting therefor a provision awarding them to the plaintiff as his separate property

(*see, DeLuca v DeLuca,* 276 AD2d 143). By opinion and order dated November 27, 2001, the Court of Appeals reversed that portion of the opinion and order of this Court which found that the benefits received from the New York City Police Department Police Superior Officers' Variable Supplements Fund were not marital property, and remitted the matter to this Court for consideration of whether the Supreme Court properly awarded the defendant 50% of those benefits (*see, DeLuca v DeLuca,* 97 NY2d 139). Justice Sondra Miller has been substituted for former Justice Thompson (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law and as an exercise of discretion, by (1) deleting the fifth decretal paragraph thereof and substituting therefor the following decretal paragraph: "ORDERED AND ADJUDGED that the defendant is entitled to a total of $42,092.50, representing her share of the annuity and retroactive pension payments, calculated as follows: $16,703.50 for the defendant's share of the annuity and $25,389 for the defendant's share of the pension; and it is further," (2) deleting from the sixth decretal paragraph thereof the words "$41,670.00 after deductions for broker's commission, transfer tax, and deed stamps" and substituting therefor the words "$45,000," and (3) deleting the seventh decretal paragraph thereof and substituting therefor a decretal paragraph directing the defendant to pay the plaintiff the sum of $2,907.50 based on a finding that the defendant owes the plaintiff $45,000 as his share of the marital premises and the plaintiff owes the defendant $42,092.50 as her share of his annuity fund and retroactive payments of her share of his pension benefits; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court awarded the defendant one half of the plaintiff's benefits from the New York City Police Department Police Superior Officers' Variable Supplements Fund (hereinafter the VSF benefits). On the plaintiff's appeal to this Court, we held that the VSF benefits should not have been equitably distributed because they could not be considered marital property (*see, DeLuca v DeLuca,* 276 AD2d 143). However, the Court of Appeals held that the VSF benefits were indeed marital property, and remitted the case to this Court for consideration of the issue of whether the Supreme Court properly awarded the defendant half of the value of those benefits (*see, DeLuca v DeLuca,* 97 NY2d 139). Considering the circumstances of the case and of the parties (*see,* Domestic Relations Law § 236 [B] [5] [c]), we find that the Supreme Court providently exercised its discretion in awarding the defendant one half of these

benefits (*see, Fiedler v Fiedler,* 230 AD2d 822; *Rosenberg v Rosenberg,* 155 AD2d 428). Feuerstein, J.P., S. Miller, Luciano and Schmidt, JJ., concur.